## Miller Unemployment Compensation Case.

Argued October 22, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Isaac J. Silin,* with him *Brooks, Curtze & Silin,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

Opinion by Reno, J., March 5, 1946:

In this unemployment compensation case the board allowed compensation upon findings which may be fairly summarized as follows:

On June 12, 1944, Florence Miller, a skilled employe of appellant, a manufacturer of radio parts for the United States Army, secured a leave of absence until June 28, 1944, because of her ill-health. She visited her sister in Austin, Texas, and there a physician diagnosed her case as an exhausted nervous condition and advised a change of work and environment. Whether her condition was attributable to her employment does not clearly appear, but the board found that the nature of her work "is wearing on the nervous system", and the physician, as stated, advised a change of work. On June 20, 1944, she informed her employer of the physician's advice, and resigned her position.

She registered for work in Austin on July 5, 1944, and on August 14, 1944, she secured a position with the San Marcos Navigation School in Austin, where she was employed at the time of the hearing on October 19, 1944.

In addition to the contentions set at rest in the *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898, appellant argues that illness is not a "good cause" within the meaning of the statute. It should be noted and emphasized that the claim covers only the period from July 5, 1944, when she registered for work, until August 14, 1944, when she secured employment, less the waiting period.

Having decided that good cause which justifies an employe leaving employment need not arise from, be connected with, or attributable to, the employer or the employment, we experience no difficulty in holding that the evidence of claimant's illness was sufficient in character and degree to support the conclusion that she had a valid personal reason and good cause for leaving the employment.

No claim was made or allowed for the period during which she was ill, and none could have been allowed for that period. She was then not "able to work and available for work", within the meaning of the Unemployment Compensation Law, §401 (d), 43 PS §801. While her illness furnished good cause for leaving her employment, she was not entitled to benefits until she could meet the requirements of §401 (d).

This construction of the act completely answers the contention that recognition of illness as a good cause for leaving employment extends unemployment compensation acts and transforms them into health insurance legislation. The Unemployment Compensation Law does not provide benefits for an ill employe during the period of his illness. Its benefits go only to persons able to work and available for work.

Decision affirmed.