Filchock Unemployment Compensation Case.

Hoffstot et al., Appellants, *v.* Unemployment Compensation Board of Review.

Argued November 10, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John G. Wayman,* with him *J. Leonard Smith, Jr.* and *Reed, Smith, Shaw & McClay,* for appellant.

*Richard H. Wagner,* with him *William L. Hammond,* Special Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY RHODES, P. J., January 14, 1949:

This is an appeal by the employer from the decision of the Unemployment Compensation Board of Review allowing compensation to claimant. The Bureau allowed benefit claims for the weeks ending July 3, 10, and 17, 1947. Claimant had registered for work and filed application for benefits on May 22, 1947. And subsequently thereto he filed a waiting week claim for the week ending June 26, 1947. Upon appeal the referee affirmed the Bureau, and his decision was affirmed by the Board upon further appeal by the employer. The appeal to this Court was then taken.

The Board, after taking additional testimony, affirmed the findings of fact of the referee, adding thereto a supplemental finding. We are of the opinion that such findings, hereafter summarized, are supported by the evidence, and they are therefore binding upon us. Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, §510, 43 PS §830.

Claimant, aged sixty-six years, was last employed by appellant as a coal loader. He had been employed by the same employer from 1941 until May 13, 1947. On May 13, 1947, claimant was forced to leave his employment as a coal loader because of a hernia injury sustained in appellant's mine. He was given medical treatment, and approximately two weeks later, having recovered to the extent that he was able to perform lighter types of work, he returned to his employer, the appellant, and sought such lighter work. At the same time he submitted a doctor's certificate stating that he was unable to do his customary work but was able to perform light work. At that time he was advised that no lighter work was available but was offered his former job as a coal loader. Claimant received compensation

under the Workmen's Compensation Law for his injury in the amount of $82.03 covering the period to June 18, 1947. On or about June 18, 1947, claimant again returned to his employer, the appellant, and requested light work, and was again notified that light work was not available. Because of his injury claimant was not able to perform his former work as a coal loader, which involved lifting track and heavy timbers, and he therefore remained unemployed. Claimant made other attempts to obtain work consistent with his impaired physical condition before effecting a termination of his employment.

Appellant presents two arguments in the alternative: (1) That claimant's unemployment was due to voluntarily leaving work without good cause; or (2), assuming that claimant had good cause in leaving work, that he was not able to work or available for suitable work.

Section 402(b) of the Unemployment Compensation Law, as amended by the Act of May 29, 1945, P. L. 1145, §9, 43 PS §802, provides, in part, as follows: "Section 402. Ineligibility for Compensation.—An employe shall be ineligible for compensation for any week— . . .

(b) In which his unemployment is due to voluntarily leaving work without good cause: . . . In determining whether or not an employe has left his work voluntarily without good cause, the department shall give consideration to the same factors, in so far as they are applicable, provided, with respect to the determination of suitable work under section four (t) ; . . ."

Section 4(t) of the Act, 43 PS §753, provides, in part, as follows: " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, . . ."

The general considerations affecting the question of "good cause" were outlined by this Court in *Sturdevant Unemployment Compensation Case (Bliley Electric Co. v. Unemployment Compensation Board of Review)*, 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898, 903, where we said: "When therefore the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, circumstances *compel* the decision to leave employment, the decision is voluntary in the sense that the worker has willed it, but involuntary because outward pressures have compelled it. Or to state it differently, if a worker leaves his employment when he is compelled to do so by necessitous circumstances . . . , his leaving is voluntary with good cause, and under the act he is entitled to benefits."

The physical condition of the worker is an important factor in the determination of "good cause". For example, in *Pusey Unemployment Compensation Case (Department of Labor and Industry v. Unemployment Compensation Board of Review)*, 159 Pa. Superior Ct. 571, 49 A. 2d 259, the claimant had been laid off due to lack of work. She registered for work and was referred to a job at the place where she formerly worked. She was advised that the only available job was on a piece work basis. She rejected the referral, saying that "the piece work got on her nerves." It appears that claimant was afflicted with St. Vitus Dance. We held that the Board was warranted in concluding that claimant had good cause for refusing work of a kind which experience had proved to be unsuitable. We said (page 573 of 159 Pa. Superior Ct., page 260 of 49 A. 2d) : "The claimant's 'physical fitness' is one of the tests of suitable employment, work is suitable only if the employe is capable of performing it, and the board is warranted in concluding that a claimant was justified by a good cause when in good faith he refuses work of a kind which actual experience in it has proven to be unsuitable for him."

In the present case, it was found that claimant had sustained a hernia in the course of his employment, and that he was physically incapable of doing the heavy work of a coal loader with appellant. During the period in question he was ready, able, and willing to do lighter work which was commonly available in the local labor market such as scraping, cleaning, picking slate, ditch digging and similar work.

It is conceded that claimant was not able to do the heavy lifting involved in his former work when he returned to his employer after medical treatment for the hernia; but appellant argues that claimant might have fitted himself for a return to his former duties by submitting to the surgical operation recommended by the doctor, that he declined to submit to any such operation, and that his action in doing so eliminates whatever element of good cause there might have been in his refusal to accept work involving heavy lifting. We do not agree. A surgical operation may be a serious matter, especially at the claimant's advanced age of sixty-six years. He had the choice of declining the hazard of an operation and accepting the limitations of his existing physical condition; or of submitting to the operation with the possibility that he might survive it successfully, and the possibility that his ability to do heavy lifting might be restored as a result thereof. The choice was for him to make; and we think the claimant acted with good faith even though he did not make the choice which the employer would have made for him had it been in the position to do so.

It remains for us to consider whether or not the record supports the finding that claimant was able to work and available for suitable work. While it may be said, as appellant points out, that the cause which justifies an employe in leaving work often will also prevent him from working thereby rendering him unavailable for work and disqualified from receiving benefits (*Sturdevant Unemployment Compensation Case (Bliley*

*Electric Co. v. Unemployment Compensation Board of Review),* supra, 158 Pa. Superior Ct. 548, 559, 45 A. 2d 898), this is not always true. On the facts in the present record, the statement is not applicable. The doctor who attended claimant certified that he was unable to do his customary work, but was capable of performing light work. He registered for work, and he made an independent effort to secure work. While appellant, the former employer, may not have had any light work for him at the time, such work suitable to the claimant's diminished physical powers was commonly available in the area. The facts were sufficient to qualify claimant as being "available for suitable work" within the meaning of section 401(d) of the Unemployment Compensation Law, 43 PS §801. See *Shellhammer Unemployment Compensation Case,* 162 Pa. Superior Ct. 327, 328, 57 A. 2d 439.

Appellant has questioned claimant's sincerity and good faith in seeking employment at light work. It does not appear that the Bureau referred him to any prospective employment of this type, or that he declined to accept any such work. On the other hand, it appears that the claimant, on his own initiative, sought employment at light work. We think that the Board properly found that claimant made a reasonable attempt to obtain work consistent with his impaired physical condition, and that there was no refusal to accept an offer of suitable employment.

The decision is affirmed.