## McComb Unemployment Compensation Case.

Argued April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*T. R. McComb,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

This is an appeal by the employer from a decision of the board granting claimant unemployment compensation benefits. Claimant's last employment prior to application for benefits was not of sufficient duration, so the authorities considered the facts surrounding his previous job when he worked for this appellant. The bureau denied compensation, but the referee, after a hearing, granted benefits. The board affirmed the referee, in the absence of any appearances at its scheduled hearing.

Preliminarily we note that appellee's motion to quash this appeal should probably be granted because the appeal was filed one day beyond the statutory period. However, we have decided to determine the case on its merits.

Claimant was a bus driver and he was required to drive a bus twice a day from New Castle to Sharon as well as to service several other buses owned by the employer. Claimant suffers from arthritis of the spine and wears a brace. Due to this condition he became too nervous to continue with this type of work, and his physician had told him that his condition would remain and that he should take it easy. Since his work had become too much for him, claimant gave notice and secured a replacement. The referee concluded that he was compelled to leave his employment due to physical disability which in turn caused him to be fearful for the safety of the passengers in the buses he drove.

The employer contends that claimant quit because of a dispute with a fellow employe, whom the employer refused to discharge. No significant testimony was given by the employer to support this contention except his statement that claimant complained about the other employe. The employer admitted he knew of claimant's physical condition at the time he was hired and that he had complained about it off and on. Claimant gave an explanation of an argument with the other employe, which occurred after he had given notice that he would quit. The employer failed to appear at the board's hearing to give any testimony.

From this record the referee and the board were fully justified in concluding that claimant was compelled to leave his employment because of his health.

The illness of a claimant may constitute a valid personal reason and good cause for leaving his employment within the meaning of Section 402 (b) of the Unemployment Compensation Law. However, to be entitled to benefits, claimant must meet the requirements of §401(d), in that claimant must be "able to work and available for suitable work." In *Miller Unemployment Compensation Case,* 158 Pa. Superior Ct. 570, 572, 45 A. 2d 908, it is stated: "While her illness furnished good cause for leaving her employment, she was not entitled to benefits until she could meet the requirements of §401 (d)." In *Filchock Unemployment Compensation Case,* 164 Pa. Superior Ct. 43, 48, 63 A. 2d 355, compensation was allowed, even though claimant's physical condition made it impossible to do his customary work, because he was available for other work suitable to his diminished physical powers. "The facts were sufficient to qualify claimant as being 'available for suitable work' within the meaning of section 401(d) . . ."

Decision affirmed.