McCann Unemployment Compensation Case.

Argued September 25, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*James W. Kelly,* with him *William O. Napoliello,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., November 13, 1956:

In this unemployment compensation case the bureau held claimant ineligible for unemployment compensation benefits under section 402(b) of the Unemployment Compensation Law of December 5, 1936, P. L. [1937] 2897, as amended, 43 PS §802(b), because he had voluntarily left his work without good cause.

The referee, after hearing, affirmed the bureau's disallowance of benefits. The claimant then appealed to the board of review, which remanded the case to a referee for the purpose of taking additional testimony. The referee took the testimony and returned it to the board without findings or discussion. The board then affirmed the referee's decision, but modified it by changing the disqualification from section 402(b), supra, to section 401(d) of the law. Section 401(d) of the Unemployment Compensation Law of 1936, as amended, 43 PS §801(d), requires as a qualification for the securing of compensation that the employe

"(d) Is able to work and available for suitable work . . ." The claimant appealed to this Court.

The claimant was last employed by the Philadelphia Naval Shipyard from March of 1951 until July 22, 1955 when he resigned his employment because, in words of the board's additional finding of fact, the "position was detrimental to his health and he was under medical treatment". The record indicates that claimant was suffering from hypertensive disease and low grade arthritis. While claimant's leaving under these circumstances may be deemed "cause of a necessitous and compelling nature" such as would negate a conclusion of ineligibility under section 402(b), there was evidence to support the board's conclusion that the claimant is disqualified under the provisions of section 401(d), supra. The weeks herein involved extend from the waiting week ending August 15, 1955, through the claim week ending September 26, 1955, and during these weeks the claimant was by his own admission physically unable to work.

The following testimony adduced at the second hearing before a referee is illustrative: "Q. At the time of leaving, were you able to work? A. No, sir. I went under the care of a medical doctor. Q. You were sick when you left July 22nd? A. Yes, sir. Q. You were unable to work at that time? A. Right. Q. How long were you unable to work? A. December 8, 1955. Q. So there will be no misunderstanding you were compelled to leave this present job July 22nd, because of ill health and such ill health continued and you were unable to work until December 8? A. Yes, sir, December 8, 1955."

Thus the board's finding that the claimant was not able to work during the weeks in question is amply supported by competent evidence and is therefore binding upon us.

Decision affirmed.