Gryskavicz Unemployment Compensation Case.

Argued September 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Anthony B. Panaway*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Thomas D. McBride*, Attorney General, for appellee.

OPINION BY GUNTHER, J., November 14, 1958:

This appeal is from the denial of claim credit by the Board of Review previously allowed by the Bureau of Employment Security. The Bureau issued a decision allowing benefits on the ground that claimant, Elizabeth Z. Gryskavicz, met all the eligibility requirements of the Unemployment Compensation Law, Act of 1936, P. L. (1937) 2897, section 402, 43 P.S. section 802. The Referee reversed the Bureau's decision and denied benefits under the provisions of section 402 (b) of the Law, on the theory that claimant voluntarily

left her employment. The Board of Review affirmed and modified the Referee's decision, denying benefits under the provisions of section 401(d), 43 P.S. section 801(d) which requires as a qualification for the securing of compensation that the employe "Is able to work and available for suitable work . . ."

Claimant was last employed by the Pioneer Manufacturing Company at Wilkes-Barre, Pennsylvania. Her last day of work was November 13, 1957, after continuous employment for seven and a half years as a folder on piece rate basis. Prior to the last day of work, claimant advised her employer that she was being treated by a physician for a nervous condition and requested a transfer from piecework to time work. In her job as a folder of baby dresses, claimant averaged between $14.00 and $15.00 per day. The employer granted this request and offered her work as a packer on an hourly rate basis. This action, on the part of the employer, was taken upon the written statement of claimant's physician that "Betty Gryskevicz is employable only on time (not piece) work. As her reflexes are diminished making present work impossible." Claimant, before accepting this offer, notified her employer that she would have to first consult her physician. Later, she informed her employer that she could not accept the employment offered because it was too strenuous.

While the claimant testified that a packer has to pack dresses from two folders; that the folded dresses are packed in lots of one dozen, noting the style numbers of the different boxes, and that this type of work was nerve-wracking, the employer testified that packers do not have a fixed schedule of production and, therefore, are paid by the hour; that every packer doesn't do the same work and that one packer is not confronted with the products of two fast folders. The

employer further testified that in those isolated instances where this is done, the packers get additional help. The Board, apparently, accepted the testimony of the employer and concluded that claimant could have performed the work. However, its decision conceded that claimant left her employment because of a necessitous and compelling reason but concluded that by reason of her nervous condition and lack of experience to perform any other type of work, she became unable and unavailable to accept suitable employment under section 401(d) of the Law. The Board specifically found that:

"4. The claimant admittedly has no other experience or ability other than hereinbefore set forth."

"5. Because of her physical condition, the claimant is presently not able or available to accept suitable employment."

We have stated in these types of cases that the credibility of witnesses, weight of their testimony and the reasonable inferences to be drawn therefrom are for the Board of Review and our duty is to view the evidence in the light most favorable to the party in whose favor the Board has found. *Mollo Unemployment Compensation Case*, 186 Pa. Superior Ct. 86, 140 A. 2d 354; *Tronieri Unemployment Compensation Case*, 164 Pa. Superior Ct. 435, 65 A. 2d 426. In our view there is competent and credible evidence upon which the decision of the Board is based. Appellant here contends, however, that if claimant's refusal to work was brought about by a compelling and necessitous reason, she is entitled to compensation. This contention ignores entirely the provision of the Law that although an employe may have good cause for leaving, the law still requires, as a qualification for securing compensation, that she be able to work and be available for suitable work. We have so held in *McComb*

*Unemployment Compensation Case,* 179 Pa. Superior Ct. 424, 116 A. 2d 92.

Decision affirmed.