Molton Unemployment Compensation Case.

Argued November 15, 1960.   Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Guy H. Molton,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Montgomery, J., December 14, 1960:

Appellant was last employed by Findlay Refractories, Inc., Washington, Pennsylvania, where he had worked for approximately seventeen years. His last day on the job was October 16, 1959. He had absented himself from work because of illness for approximately two months, although he was not under the care of a doctor. At the end of this time, he contacted his employer and advised it that he was terminating his employment but gave no reason for his action. Later he contended that his reason for quitting was his belief that the dust in and around his place of employment was adversely affecting his health. However, he had never consulted a doctor nor asked his employer about consulting one, although he knew that all employees were given free medical examinations upon request.

The Bureau of Employment Security, the Referee, and the Board of Review, all concluded that the appellant voluntarily terminated his employment and therefore was disqualified from receiving benefits under the Unemployment Compensation Law.

Mere dissatisfaction with one's working conditions does not constitute "cause of a necessitous and compelling nature", as required by §402(b) of the Unemployment Compensation Law, 43 P.S. §802(b), so as to justify an award to one terminating his employment. *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148.

However, in determining whether an employee has voluntarily left his employment for valid cause under the statute, which provides that the employee should be ineligible for unemployment compensation if he left his employment voluntarily without such valid cause, the physical condition of the employee is important. *Filchock Unemployment Compensation Case,* 164 Pa. Superior Ct. 43, 63 A. 2d 355.

Generally, a physical condition which justifies an employee leaving his employment will also prevent the employee from working at all and consequently prevent him from receiving benefits since the Act requires the availability of the claimant for immediate work. *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671.

The appellant contends that the termination of his employment must be considered to be with cause of a necessitous and compelling nature since the reason for his leaving was due to his fear that the working conditions were affecting his health. The burden of proving such circumstances as to justify the voluntary quitting of work is upon the claimant. *Johnson Unemployment Compensation Case,* 182 Pa. Superior Ct. 138, 125 A. 2d 458; *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523. The findings of the Board and the record clearly indicate that the appellant, who admittedly terminated his employment voluntarily, did not meet the burden of proof upon him. Unsupported statements that his work adversely affected his health are insufficient to establish such circumstances. *Zielinski Unemployment Compensation Case,* 174 Pa. Superior Ct. 244, 101 A. 2d 419. Unemployment compensation is not sickness insurance and was not intended to compensate those who quit work because of illness. *Rogan Unemployment Compensation Case,* 185 Pa. Superior Ct. 240, 138 A. 2d 229.

The facts in the instant case are quite similar to those in the *Johnson* case, supra, and under the evidence presented the appellant must be deemed not to have sustained his burden of proof and therefore was ineligible for benefits under the Unemployment Compensation Law, as concluded by the Board.

The decision is affirmed.