## Palovich Unemployment Compensation Case.

Argued November 17, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

Andrew J. Gleason, with him Joseph F. O'Kicki, and Gleason & Krumenacker, for appellant.

Sydney Reuben, Assistant Attorney General, with him Anne X. Alpern, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., December 14, 1960:

Appellant was last employed as a narrow gauge railroad engineer by the Bethlehem Steel Company, Johnstown, Pa. His last day of work was June 8, 1959, after working for the same employer for over 49 years.

On June 8, 1959, appellant began a three-week vacation after informing his supervisor that he desired work of a lighter nature. Upon returning from vacation, claimant did not resume his regular job because he was physically unable to perform the duties required. In fact, he was unable to do any kind of work, according to his own contention, until July 29, 1959, from which date his doctor reported that he could do "light work" such as watchman or janitor.

The appellant applied for unemployment compensation on July 29, 1959, and the Bureau denied it, after concluding that he was disqualified under the provisions of §402(b) (43 PS §802) of the Unemployment Compensation Law since he had voluntarily terminated his employment without cause of a necessitous and compelling nature. Appellant appealed; and the Referee reversed and allowed benefits. Employer, Bethlehem Steel Company, then appealed to the Board of Review, which reversed the Referee and held that the appellant could not be disqualified under §402(b), but it de-

clared that he was not eligible to receive benefits under the provisions of §401(d).

Section 401(d) of the Unemployment Compensation Law requires as a qualification for the receipt of benefits that the employee ". . . is able to work and available for suitable work. . . ."

The purpose of this statutory requirement is to establish that a claimant is actually and currently attached to the labor force. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898.

Such findings by the Board are not inconsistent, as has been argued by appellant, since physical disability may constitute a necessitous and compelling reason for leaving one's employment, *Filchock Unemployment Compensation Case,* 164 Pa. Superior Ct. 43, 63 A. 2d 355; *McComb Unemployment Compensation Case,* 179 Pa. Superior Ct. 424, 116 A. 2d 92; but the person may nevertheless be entitled to compensation.

Generally, however, a physical condition which justifies leaving employment will also prevent an employee from working at all, and consequently disqualifies the employee from receiving benefits under the Unemployment Compensation Law. *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671. It has been repeated many times that the Unemployment Compensation Law was not intended to provide sick benefits. However, if a person is available and able to do suitable work, he may nevertheless be entitled to benefits. *Sturdevant Unemployment Compensation Case,* supra.

Although the Board found that appellant had voluntarily resigned and taken his non-compulsory pension on July 1, 1959, its decision refusing him unemployment compensation was not based on that reason. It refused him the benefits of the act because "Claim-

ant's physical condition was such that he was unable to take care of any jobs which were available."

Our inquiry shall, therefore, be limited to a determination of whether the record supports such a finding of fact. If it does, this Court has no authority to overrule the Board.

Appellant made out a prima facie case of availability by registering for work. *Sturdevant Unemployment Compensation Case*, supra; *Rabinowitz Unemployment Compensation Case*, 177 Pa. Superior Ct. 236, 110 A. 2d 792. In addition, his doctor's report of his availability for "light work" such as watchman and janitor was before the Board in support of his case.

As against this, by way of countervailing evidence, are the statements of the appellant, who was past 65 years of age and had worked for almost 50 years, that the reason he left his old job was, "Well, I couldn't stand much longer. . . my kidneys bad, I couldn't hold much longer. Many time going on the bed when I work I had to get up 10 to 14 times a night to relieve myself, I have been doing that for 10 or 15 years or better, I suffer so I had to do something. Q. Were you at this time going to a doctor? A. Yes, I go every once in a while, now I am getting a little better and stronger every day a little. Q. Did you want to keep on working? A. Yes, sure but I couldn't make much longer. Q. What type of work could you have done at the time you left in June? A. I didn't do nothing since June." Further, he was offered a grease job, which he declined because he could not do it on account of his physical condition; and also he declined to accept a job as janitor in the wash room but gave no reason for doing so although his union representative endeavored to justify his actions for other reasons which in themselves would have disqualified appellant from receiving benefits.

Since the privilege of drawing reasonable inferences from the evidence, as well as passing on the credibility of the witnesses and determining the weight of their testimony, is for the Board, *Mollo Unemployment Compensation Case*, 186 Pa. Superior Ct. 86, 140 A. 2d 354, we are not prepared to say that under all of the evidence it abused that privilege or was capricious in finding, as it did, that appellant was actually physically unable to perform the relatively light duties of a janitor, or any other available job, and in refusing to accept the opinion of appellant's doctor to the contrary.

A claimant who is physically unable to accept some substantial employment does not meet the requirements of the act. *Romiski Unemployment Compensation Case*, 169 Pa. Superior Ct. 106, 82 A. 2d 565; *D'Yantone Unemployment Compensation Case*, 159 Pa. Superior Ct. 15, 46 A. 2d 525.

We shall not pass on the question of whether his severance from employment and the acceptance of his pension amounted to "leaving work without cause of a necessitous and compelling nature . . ." as contemplated by §402(b) of the act.

Decision affirmed.