## DiMartino Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Ines W. Cordisco,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., December 14, 1961:

In this unemployment compensation case the bureau decided that the appellant had voluntarily terminated his employment without cause of a necessitous and compelling nature and disqualified him from re-

ceiving benefits under §402(b)(1) of the Law, 43 PS §802(b)(1). The referee reversed the bureau and allowed benefits. The board concluded that although appellant was not disqualified under the provisions of §402(b)(1), he was, nevertheless, ineligible to receive benefits because his activities were so restricted by his physical incapacity that he could not be considered able and available for suitable work within the meaning of §401(d) of the Law.

The facts as found by the board, if supported by competent testimony, are binding upon us: *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305.

Appellant, who had been employed as a machine operator or wire drawer for many years and who was past sixty-five years of age, testified that he was no longer able to do his regular work. He asked his employer for other suitable work but none was available. He then retired under the employer's retirement plan, which is noncompulsory. He draws social security benefits of $119.00 per month and retirement insurance of $57.00 per month. He now claims that he is also entitled to unemployment benefits because he says that he is able to do light work.

Appellant's attorney offered into evidence the report of Dr. Morris A. Rack, who examined the appellant on August 30, 1960. In this report Dr. Rack stated appellant had a right ventricular strain and myocardial damage, compound fracture of the right leg and restriction of the circulation of the right leg. He further stated: "I do feel that the patient could not have done his regular work since the patient's history, shortness of breath, pain in his right leg upon standing for short periods of time or slight exertion with pain in the chest for some reasons would indicate that he could not continue his regular job since February 26, 1960. E. C. G. shows right ventricular strain and myocardial damage

which in my opinion clinches above statements. Also physical examination shows vascular deficiency in the right leg due to compound fracture of that leg in 1953 for which he had two operations in those two years. My opinion, he can only do light sedentary type of work which does not require exertion, moderate standing, walking of even moderate distances. Patient is also a diabetic, however, while it is a contributing factor to his disability, I do not feel that it of its own accord is disabling which the other two conditions definitely are disabling to his regular job."

The physical fitness of an employe to perform his job is primarily a question of fact for the board: *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 294, 144 A. 2d 586.

The inferences to be drawn from the evidence, the credibility of the witnesses and the weight to be attached to their testimony are for the board: *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354.

After a review of this entire record we cannot say that the board abused its discretion. For a case quite similar to the present one see *Palovich Unemployment Compensation Case,* 194 Pa. Superior Ct. 198, 166 A. 2d 339.

Decision affirmed.