## Kascak Unemployment Compensation Case.

Argued November 17, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., January 16, 1962:

In this unemployment compensation appeal the claimant was denied benefits on the ground that he failed to meet the eligibility requirements of §401(d) of the Unemployment Compensation Law, 43 PS §801(d), in not being able and available for suitable work. The Bureau of Employment Security had denied benefits on the ground that he had voluntarily

terminated his employment and was disqualified for benefits under the provisions of §402(b)(1) of the Law, 43 PS §802(b). The referee reversed the bureau holding his reason for termination to be of a necessitous and compelling nature. The Unemployment Compensation Board of Review concluded that his activities were so restricted by his physical condition that he was not able and available for suitable work and not attached to the labor market.

The claimant, John Kascak, 74 years of age, was last employed as a janitor by Pittsburgh Steel Company, Monessen, Pennsylvania. On June 30, 1960, he terminated his employment on advice of his physician and accepted a company pension. The physician indicated that his physical condition was such that he should not perform any duties that require lifting, walking, or standing on his feet for any considerable length of time. The record discloses that he was suffering from arthritis and an inoperative incisional hernia so that he would not be physically fit to perform his regular duties as a janitor. The "very light work" that it was indicated he could do, that would be less onerous than his janitorial duties, as described in the record, would so limit his employment as to take him out of the labor market.

"The illness of a claimant may constitute a valid personal reason and good cause for leaving his employment within the meaning of Section 402(b) of the Unemployment Compensation Law. However, to be entitled to benefits, claimant must meet the requirements of §401(d), in that claimant must be 'able to work and available for suitable work.'" *McComb Unemployment Compensation Case,* 179 Pa. Superior Ct. 424, 426, 116 A. 2d 92 (1955). See also: *McCann Unemployment Compensation Case,* 182 Pa. Superior Ct. 292, 126 A. 2d 510 (1956). The board's finding that he was not attached to the labor market because of his physi-

cal condition is amply supported by competent evidence and is binding on this Court.

Decision affirmed.