Mary M. Kernisky, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 8, 1973, before Judges KRAMER, WIL-KINSON, JR., and BLATT, sitting as a panel of three.

*Carl M. Moses,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 7, 1973:

Mary A. Kernisky (claimant) was employed as a preparation cook at the Holiday Inn in West Middlesex from February of 1969 until November 11, 1971. Her job involved preparing food as well as washing pots and pans and cleaning the refrigerator and some shelves. Since 1967 she had been under a doctor's care for reactive depression, arthritis of the spine, essential hypertension, menopausal syndrome and diverticulosis of the colon, and she had previously had a nervous breakdown and received shock treatment therefor. The claimant was counseled by her doctor that working would be good therapy for her but that she should avoid any working conditions which were apt to aggravate her nervous condition. Her employer was aware of her physical condition.

It was the claimant's testimony that her job involved a great deal of pressure and that she had repeatedly asked her employer for assistance. Additionally, she had very poor relations with her immediate supervisor and had repeatedly asked to be moved to another shift, but this request was denied. When she came to work on November 11, 1971, she was upset because she had heard that a staff meeting had been held at which she was the subject of discussion and

that certain derogatory remarks had been made about her. She testified that she was so upset that she became too nervous to continue working and walked off her job. She thereafter sought unemployment benefits, which were denied by the Bureau of Employment Security, by a referee and by the Unemployment Compensation Board of Review (Board) because she had left work "without cause of a necessitous and compelling nature."

Section 402(b)(1) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P. L. (1937) 2897, 43 P.S. §802(b)(1), provides that: "An employee shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." At any time a person becomes unemployed by a voluntary termination of his work, he then assumes the burden of showing that such termination was with cause of a necessitous and compelling nature. *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A. 2d 295 (1973); *Rogan Unemployment Compensation Case*, 185 Pa. Superior Ct. 240, 138 A. 2d 229 (1958).

It is clear, of course, that unemployment compensation is not sickness insurance and was not intended to compensate those who quit work because of illness. *Nicholson Unemployment Compensation Case*, 196 Pa. Superior Ct. 600, 176 A. 2d 181 (1961). And mere dissatisfaction with one's wages or working assignment does not constitute cause of a necessitous and compelling nature for terminating employment. *James v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972). In some instances, however, physical disability may constitute a necessitous and compelling reason for leaving one's employment and would not render the employe ineligible for unemployment compensation. *Palovich Un-*

*employment Compensation Case,* 194 Pa. Superior Ct. 198, 166 A. 2d 339 (1960). And possible aggravation of a nervous condition can be a necessitous and compelling cause for terminating work. *McComb Unemployment Compensation Case,* 179 Pa. Superior Ct. 424, 116 A. 2d 92 (1955).

Here there is no doubt that the claimant was suffering from a nervous condition and that, although she had been advised by her physician to seek work as therapy, she was also warned to avoid working conditions which were apt to aggravate her nervous condition. The testimony is undisputed that the claimant was often under much pressure at her work and that there was tension between the claimant and her immediate supervisor. The Board found that "the claimant voluntarily terminated her employment because she believed that the requirements of the job were aggravating her nervous condition." We must hold, therefore, that, given these facts, the claimant actually did have cause of a necessitous and compelling nature for leaving her employment.

The mere fact that the claimant has a necessitous and compelling reason for terminating her employment does not, however, automatically qualify her for unemployment compensation. She must also meet the requirement of Section 401 of the Unemployment Compensation Law, 43 P.S. §801, that she be available for suitable work. "Generally, a physical condition which justifies an employee leaving his employment will also prevent the employee from working at all and consequently prevent him from receiving benefits since the Act requires the availability of the claimant for immediate work." *Molton Unemployment Compensation Case,* 194 Pa. Superior Ct. 190, 192, 166 A. 2d 103, 104 (1960). In some cases, however, even though the employee's physical condition might prevent him from continuing at his previous employment, he might still

be able and available for other types of work, and in such cases he is eligible for compensation. *McComb, supra; Filchock Unemployment Compensation Case,* 164 Pa. Superior Ct. 43, 63 A. 2d 355 (1949). A refusal to accept other suitable employment from his employer, however, may disqualify an employee from compensation. *Zabka Unemployment Compensation Case,* 192 Pa. Superior Ct. 511, 162 A. 2d 88 (1960) ; *Gryskavicz Unemployment Compensation Case,* 188 Pa. Superior Ct. 429, 145 A. 2d 863 (1958).

The claimant here has testified that she is available for any work which would not aggravate her nervous condition, that she repeatedly asked her employer for that kind of work while employed, and that she has been seeking such work since and has in fact been doing some work for a charity. There was no evidence to dispute this testimony, but only testimony by a supervisor of the claimant, and a finding made by the Board, that continuing work, evidently of the kind she had been doing, was available for the claimant at the Holiday Inn. Inasmuch as this work has been found by the claimant to be unbearable, and her continual requests to be transferred to other work, of a less demanding nature were all refused, it is apparent that the claimant was and remained available for suitable work and that no competent evidence was presented to show that she refused to accept any such work.

For the above reasons, therefore, we issue the following

ORDER

Now, September 7, 1973, we reverse the order of the Unemployment Compensation Board of Review and find that Mary A. Kernisky is entitled to unemployment compensation benefits. The record is hereby remanded to the Board for further proceedings consistent with this opinion.