Stanley F. Ziemba, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

616

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three. Reargued December 2, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Paul L. Zeigler*, with him *Goldberg, Evans & Katzman*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 2, 1975

We are faced with this question. Can a federal employee who has received a total disability retirement pension from the federal government still be "able" and "available for suitable work" within the meaning of Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §801(d) and thus be simultaneously entitled to unemployment compensation?

Stanley F. Ziemba (Claimant) was last employed as a field revenue officer by the Internal Revenue Service, on duty since 1951. His job entailed driving approximately 2,500 miles per month while he performed field audits and administrative functions in a three county area of assignment. He stopped working on or about September 5, 1972, and took sick leave for a medical condition eventually diagnosed as labyrenthitis. This condition of the inner ear disturbed his equilibrium and resulted in intermittent fainting spells, double vision and nervousness which substantially interfered with his field duties. On the advice of his physician and after having depleted all sick leave available to him, Claimant resigned from the Internal Revenue Service on October 27, 1972. He thereafter applied for and was granted a federal disability retirement annuity, effective November 24, 1972.

On November 12, 1973, Claimant applied for unemployment compensation. The Bureau of Employment Security thereafter determined that Claimant had not filed a valid application under Section 4(W)(1), 43 P.S. §753(W)(1) because he was not then able and available

for suitable work as required by Section 401 (d).[1] The Bureau found that Claimant was subject to black-outs which interfered with his ability to drive to and from any kind of work. The referee and the Unemployment Compensation Board of Review (Board) agreed in essence with this finding, and denied benefits. The referee, after a brief hearing, reasoned:

"Claimant retired from the Federal Government on a disability which would prevent him from working. Claimant cannot on the other hand state that at the time the disability termination became permanent he was able and available for full time work. This is an inconsistent position and the Referee is constrained to rule that as claimant is presently receiving or due to receive a disability annuity from the Federal Government he is not able and available for work. Accordingly, claimant does not meet the eligibility requirements of Section 401 (d) of the Law, and his application for benefits must be ruled invalid within the meaning of Section 401 (c) as defined in Section 4 (W) (1) of the Law."

From the Board's summary disallowance of his appeal, Claimant comes before this Court. In appeals of this nature, our review is essentially limited to questions of law, and, absent fraud, a determination of whether the findings of fact relied upon by the Board are supported by the evidence. *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 312 A. 2d 77 (1973). Questions of credibility and the weight to be given the evidence are, of course, for the fact-finder, and we must allow the prevailing party below the benefit

---

1 The Board does not here dispute that Claimant's medical condition constituted a necessitous and compelling reason for voluntarily terminating his employment, thus satisfying Section 402 (b) (1) of the Act, 43 P.S. §802 (b) (1). *See Kernisky v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973).

of all inferences reasonably deductible from the evidence, *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973) ; *Marcantonio v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 204, 309 A. 2d 462 (1973).

Notwithstanding the limits of our inquiry, we cannot hold as a matter of law, on this record, that Claimant was not able and available for suitable work when he filed for unemployment benefits. We have scrutinized the record before the referee, which consisted of three pages of transcribed notes of testimony, and find no evidence, aside from the undisputed fact that Claimant was on a federal disability pension, to support the referee and Board's conclusion that the Claimant was unavailable for suitable work.[2] Thus, the determinative question here is whether Claimant's status as a disability annuitant alone renders him ineligible for unemployment compensation.

---

2 The referee made as finding of fact #4: "Claimant will not accept employment if he has to do a lot of driving due to his disability." The *only* testimony on this point is the following dialogue between the referee and the claimant:

Q. "What is your illness?
A. I don't know. All I know is strain and pressures from my jobs caused me to be nervous.
Q. Dr. Rongaus says 'Labyrenthitis' and . . .
A. I know I got more like fainting spells or fainting feelings or blackouts.
Q. In other words, you can't drive a car?
A. Oh, yes.
Q. In other words, you don't want to go too far because you will black out in the car?
A. No, I never had black outs in the car. My one fainting spell I just fainted and that is all.
Q. They said something about double vision?
A. At that time I was getting double vision and everything seemed to affect me. Now, I am perfect".

The referee either misinterpreted or disregarded this testimony, but, in either case, it does not sustain the finding made by the referee.

In *Michael v. Roadway Express, Inc.*, 211 Pa. Superior Ct. 238, 235 A. 2d 627 (1967), it was argued that a claimant for partial disability workmen's compensation benefits could not consistently collect unemployment compensation benefits at the same time. In affirming the award of benefits to the claimant, the Superior Court there noted, by its distinguished JUDGE SPAULDING: "Appellant's final contention is that it is against public policy to permit simultaneous recovery under the Workmen's Compensation and Unemployment Compensation Act. . . . [W]e conclude that compensation for partial disability and unemployment compensation are not inconsistent, for implicit in the theory of partial disability is the concept of partial ability, i.e., the ability to do some work, albeit less remunerative than that done prior to the injury creating the disability, and it is for loss of earnings on this remaining ability that unemployment compensation may be obtained." *Michael v. Roadway Express, Inc.*, 211 Pa. Superior Ct. at 243, 244, 235 A. 2d at 629.[3] Judge Mencer, writing for this Court in *Whitehead v. Casey Building Wreckers, Inc.*, 6 Pa. Commonwealth Ct. 256, 263, 294 A. 2d 215, 218, 219 (1972), further elaborated the rationale of *Michael, supra,* by approving the following passage from *Edwards v. Metro Tile Co.*, 133 So. 2d 411, 412 (Fla. 1961):

"There might appear to be some inconsistency between the simultaneous acceptance of unemployment compensation benefits and workmen's compensation. However, the authorities generally agree that the apparent inconsistency disappears when we take into consideration the objectives to be accomplished by

---

3 The Superior Court recognized that this principle could equally apply in a situation where a totally disabled claimant for workmen's compensation has also applied for unemployment compensation by citing *Gabello v. F. W. Woolworth Co.*, 62 Lack. Jur. 225 (1961). *See also Shutta v. Radio Corporation of America*, 73 Lack. Jur. 5 (1972).

the two types of protection. A claimant for workmen's compensation benefits is expected to make a reasonable effort to secure employment. The fact that he is not able to obtain a job during the period of alleged disability will not preclude him from receiving the benefits of both types of protection. *A claimant may honestly represent to the unemployment compensation agency that he is able to do some work if a job is made available to him. At the same time, with equal honesty, he might properly represent to the workmen's compensation agency that he was totally disabled during the same period because no one would give him a job in his then physical condition.*" (Emphasis supplied.)

As this suggests, the fact that an unemployment compensation claimant is also receiving benefits for a work-related disability does not render him, ipso facto, unable or unavailable for suitable work. Although the status of a claimant as a disability annuitant is relevant, it is not conclusive of his right to unemployment benefits. In each case, an inquiry must be made as to whether the physical impairment for which a claimant is receiving disability compensation actually renders him unable or unavailable for suitable work, and if so ineligible for compensation.

Here Claimant has received a total disability pension from the federal government. The "total" disability referred to, however, is generic to the job Claimant performed as a revenue officer, and not descriptive of his physical ability or inability to perform other suitable work. The disability retirement pension granted to Claimant is authorized by 5 U.S.C. §8337. As is delineated in the Federal Personnel Manual (FPM), Supplement 831-1, Subchapter S10, implementing this program, to be eligible for the disability retirement pension received by Claimant, a covered civil servant must "have become totally disabled for useful and efficient service in his position or any other position of the same grade or

class." Paragraph S10-1a(2). This recognizes that an annuitant need not be totally disabled for all other work so long as his disability precludes effective service in his prior or a similar position. Here, Claimant's disability was directly related to his duties as a revenue agent, and his employer was unable to offer him another position of the same grade or class within his physical capacity. Additionally, Paragraph S10-5(d) recognizes that a disability annuitant may be eligible for unemployment compensation if he is "physically able to work, is registered and inquiring for work. . . ." See *Folks v. Celebrezze*, 245 F. Supp. 638 (D. D. C. 1965). Claimant, of course, recognizes that if he accepts employment outside the government which indicates a restoration of earning capacity, his disability pension will be modified or terminated. Subchapter S15, Paragraph S15-10.

We conclude that the Referee and the Board erred as a matter of law in denying Claimant unemployment compensation solely because he had retired on disability pension from the Federal Government. As a general statement of law, an applicant for unemployment compensation has the burden of proving that he is eligible for such benefits. *See Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 305 A. 2d 782 (1973). By registering for work with the Bureau, however, Claimant made out a prima facie case of his availability for work, and the presumption arising therefrom has not been rebutted in the instant case. *Pulver Unemployment Compensation Case*, 207 Pa. Superior Ct. 112, 215 A. 2d 269 (1965) ; *Palovich Unemployment Compensation Case*, 194 Pa. Superior Ct. 198, 166 A. 2d 339 (1960) ; *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 45 A. 2d 898 (1946). To the contrary, the record contains a certification by Claimant's physician that he (Claimant) was able to accept gainful employment as of November 12, 1972, the date he applied for unemployment compensation. Claimant has con-

sistently stated that he is available for general accounting work and has made himself available for that kind of job with numerous firms in the area. His testimony was not that he could not drive a car because of his medical impairment but that he just did not want to drive as much as his job as a revenue officer required. Given this state of the record, we can only hold the Claimant was able and available for suitable work, and so he was entitled to unemployment compensation.

Accordingly, we enter the following

### ORDER

Now, January 2, 1975, we reverse the order of the Unemployment Compensation Board of Review and find that Stanley F. Ziemba is entitled to unemployment compensation benefits. The record is hereby remanded to the Board for further proceedings consistent with this Opinion.