Bessie M. Baker, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Ronald B. Hamilton,* with him *Robert E. Walton,* and *Walton & Hamilton,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 23, 1975:

This is a direct administrative appeal from an order of the Unemployment Compensation Board of Review (Board) finding Bessie M. Baker (Appellant) unavailable for suitable work, and thus ineligible for unemployment compensation under Section 401 (d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801 (d).

Appellant was last employed for a period of more than five years as a micro-photography machine operator by the Marine Corps Supply Activity at a wage of $4.79 per hour. On October 15, 1973, she terminated this employment on the advice of her physician because she was suffering from hypertension and an allergy associated with ammonia used in photograph processing. The phy-

sician recommended that Appellant seek other work not requiring standing or heavy lifting, and that she work no more than fifteen hours or three days a week. Appellant requested lighter work from her employer, but was informed that there was nothing available considering her physical limitations and prior training. On October 15, 1973, Appellant was granted a disability retirement and is now eligible for a federal disability pension.[1]

Appellant filed for unemployment compensation on October 21, 1973. The Bureau of Employment Security determined that Appellant was ineligible under Section 402(b)(1), 43 P.S. §802(b)(1), because her voluntary termination was not for cause of a necessitous and compelling nature. A referee affirmed the Bureau's Section 402(b)(1) determination, and also found Appellant ineligible under Section 401(d), 43 P.S. §801(d), because her physical condition rendered her unable and unavailable for suitable work. On appeal, the Board remanded the case to a referee acting as a Board hearing officer for further testimony relative to Appellant's ineligibility under Section 402(b)(1). On May 3, 1974, the Board reversed the referee's section 402(b)(1) determination, but affirmed Appellant's ineligibility under Section 401(d). This appeal followed, and we affirm.

---

1. For the evidentiary effect of Appellant's eligibility for a federal disability pension on her claim for unemployment compensation, *see Ziemba v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 615, 330 A. 2d 566 (1975). In *Ziemba*, we held that a claimant's acceptance of a total disability pension did not *per se* render him unavailable for suitable work under Section 401(d), 43 P.S. §801(d). That case is distinguished from the instant appeal, however, as there the claimant's physician verified that the claimant was fully recovered from his disability and available for suitable work when he applied for unemployment compensation. As our subsequent discussion will indicate here, Appellant's physician verified that Appellant remains disabled and her condition precludes her from all but light work of no more than fifteen hours per week.

The sole issue for our review is whether the Board erred in finding Appellant unavailable for suitable work within the meaning of Section 401 (d) because her physical limitations restricted her to light work for no more than fifteen hours a week. Essentially, this question involves the interrelationship between the physical disability which would ordinarily render a claimant's voluntary termination for cause of a necessitous and compelling nature under Section 402 (b) (1), and the disability which would render a claimant unavailable for suitable work under Section 401 (d). As Judge BLATT wrote in *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 202-203, 309 A. 2d 181, 183-184 (1973) : "The mere fact that the claimant has a necessitous and compelling reason for terminating her employment does not, however, automatically qualify her for unemployment compensation. She must also meet the requirement of Section 401 of the Unemployment Compensation Law, 43 P.S. §801, that she be available for suitable work. 'Generally, a physical condition which justifies an employee leaving his employment will also prevent the employee from working at all and consequently prevent him from receiving benefits since the Act requires the availability of the claimant for immediate work.' Molton Unemployment Compensation Case, 194 Pa. Superior Ct. 190, 192, 166 A. 2d 103, 104 (1960). In some cases, however, even though the employee's physical condition might prevent him from continuing at his previous employment, he might still be able and available for other types of work, and in such cases he is eligible for compensation. McComb [Unemployment Compensation Case, 179 Pa. Superior Ct. 424, 116 A. 2d 92 (1955)], Filchock Unemployment Compensation Case, 164 Pa. Superior Ct. 43, 63 A. 2d 355 (1949). A refusal to accept other suitable employment from his employer, however, may disqualify an employee from compensation. Zabka Unemployment Compensation Case, 192 Pa. Superior Ct.

511, 162 A. 2d 88 (1960). Gryskavicz Unemployment Compensation Case, 188 Pa. Superior Ct. 429, 145 A. 2d 863 (1958)."

Appellant contends that she falls within the exception of *Kernisky* because her disability was limited to the type of work previously performed by her, and it did not render her unavailable for other suitable work, as evidenced by her request to her last employer that she be transferred to lighter work. While it is certainly true that Appellant, by registering for work with the local unemployment office, has made out a prima facie presumption of her availability for work, *Shira v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973), this presumption has been rebutted by Appellant's letter from her physician of November 5, 1973 in which he said "[u]ntil her condition improves, she will only be able to work at light jobs, requiring no standing or heavy lifting, she should not work more than three days per week and only up to five hours per day."[2] The determination of availability for suitable work is largely a question of fact for the Board. *Graham v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 445, 322 A. 2d 807 (1963); *Friedman Unemployment Compensation Case*, 201 Pa. Superior Ct. 640, 193 A. 2d 676 (1963); *DiMartino Unemployment Compensation Case*, 196 Pa. Superior Ct. 606, 176 A. 2d 140 (1961). As we find that letter to be substantial evidence supporting the Board's

---

2. We disagree with the Board's contention that Appellant's limitation of availability to part-time work rendered her unavailable for suitable work under Section 401(d). *See Myers v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975); *Shay Unemployment Compensation Case*, 177 Pa. Superior Ct. 294, 111 A. 2d 174 (1955). This limitation, however, would be relevant as evidence of the extent of Appellant's present disability, and was properly considered by the Board on this basis.

508

determination of unavailability, we are bound by this finding of fact.

ORDER

AND NOW, this 23rd day of April, 1975, the appeal of Bessie M. Baker is dismissed, and the order of the Unemployment Compensation Board of Review is affirmed.