Harry G. Rodrigo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges Mencer, Blatt and MacPhail, sitting as a panel of three.

594

*Harry G. Rodrigo,* petitioner, for himself.

*William J. Kennedy,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, November 22, 1978:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision and denying unemployment compensation benefits to Harry G. Rodrigo (Claimant).

Claimant had been employed by the United States Government at the Frankford Arsenal for a number of years. On April 13, 1976, he went on sick leave because of a heart condition. From May 13, until November 13, of the same year, his status was that of "leave without pay." On November 13, he went on disability retirement at the rate of $9,657.18 per annum. He applied for unemployment compensation on May 23, 1976. The Bureau of Employment Security (Bureau) denied benefits under Section 402 (b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), finding that the Claimant had voluntarily quit his employment without compelling or necessitous reasons. The Claimant had presented to the Bureau a physician's statement, dated June 17, 1976, indicating that as of that date Claimant *was* physically able to accept gainful employment. Claimant appealed the

denial of benefits by the Bureau to a referee who, after a hearing, affirmed the Bureau's decision denying benefits, but found that Claimant was ineligible for such benefits under Section 401(d) of the Law, 43 P.S. §801(d).[1] At the hearing before the referee, the Claimant presented a letter from his physician, dated September 21, 1976, which stated, *inter alia*:

This underlying coronary condition accompanied with the patient's emotional stress would appear to make him incapable of being engaged in gainful employment at this time.

Largely on the basis of that statement, the referee reached his conclusion that the Claimant was not able to work and was not available for suitable work. On Claimant's appeal to the Board, the findings and conclusion of the referee were affirmed.

Clearly, the referee and the Board were correct in denying benefits to the Claimant. Before one may qualify for unemployment compensation benefits, he must prove that he is able to work and available for suitable work. *Koba v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977). Generally, a physical condition which justifies an employee leaving his employment will also prevent that employee from working at all. *Molton Unemployment Compensation Case*, 194 Pa. Superior Ct. 190, 166 A.2d 103 (1960). An employee terminating his employment for a necessitous and compelling reason is nonetheless ineligible for benefits if he is unavailable for suitable work. *Baker v. Unemployment Compensation Board of Review*, 18 Pa. Com-

---

[1] Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(d) [i]s able to work and available for suitable work.

. . .

monwealth Ct. 503, 336 A.2d 671 (1975). As this Court has observed in the past, if an applicant for unemployment compensation benefits who is physically unavailable for work is not thereby disqualified from benefits, unemployment compensation will be transformed into health insurance. *Unemployment Compensation Board of Review v. Smith,* 25 Pa. Commonwealth Ct. 471, 360 A.2d 833 (1976).

Since the referee and Bureau have found as a fact that the Claimant was not physically capable of engaging in gainful employment and that finding is based upon substantial evidence and is consistent with previous rulings of this Court as cited above, we are compelled to affirm the Board's order.

ORDER

AND Now, this 22nd day of November, 1978, the order of the Unemployment Compensation Board of Review, dated February 28, 1977, denying benefits to Harry G. Rodrigo, is affirmed.