DAGGETT *v.* ST. FRANCIS LEVEE DISTRICT.

5-984

291 S. W. 2d 254

Opinion delivered June 11, 1956.

[Rehearing denied July 2, 1956.]

Daggett & Daggett, W. H. Daggett, for appellant.

F. N. Burke, Jr., for appellee.

GEORGE ROSE SMITH, J. This is a taxpayer's suit brought by the appellant to enjoin the directors of the St. Francis Levee District from putting into effect a retirement plan for its officers and employees. The proposal, as approved by a resolution of the board of directors, contemplates that each participating officer and employee will contribute three per cent of his salary to the retirement fund, that these contributions will be matched with money appropriated from the district's treasury, and that the participants in the plan, upon reaching the age of sixty-five, will be entitled to retirement pay based upon their contributions and length of service. The chancellor sustained a demurrer to the complaint and dismissed the suit.

The levee district tacitly concedes that it has no inherent power to set up such a retirement plan in the absence of legislative authority. For that authority the district relies upon Act 126 of 1951, which provides that the directors shall have the power to fix the compensation to be paid to the district's officers and employees. Ark. Stats. 1947, § 21-648. It is contended that retirement pay amounts to compensation and therefore falls within the scope of the authority granted to the directors by the 1951 statute.

It cannot be doubted that a retirement allowance, financed over a period of years by the joint contributions of the employer and the employees, represents compensation rather than a mere gratuity. *Kane* v. *City of Flint*, 342 Mich. 74, 69 N. W. 2d 156; *Salz* v. *State House Com'n*, 18 N. J. 106, 112 A. 2d 716; *Retirement Bd. of Allegheny County* v. *McGovern*, 316 Pa. 161, 174 A. 400. Cases might also be cited to show that com-

pensation embraces the furnishing of group insurance, medical benefits, work uniforms, meals, housing, and anything else of value that the employer provides in return for the work done by his employees.

The question, however, is not whether retirement pay comes within the definition of compensation; it is whether the legislature may fairly be said to have had such pay in mind when it enacted the statute relied on by the district. When the statute is considered in the light of its history there can be no doubt that the enactment was for a purpose quite different from that of enabling a levee district to use tax funds for the creation of a pension plan for its employees.

It was formerly the practice of the General Assembly to fix by statute the salaries to be paid to employees of the St. Francis Levee District. Act 93 of 1913, § 3; Act 116 of 1920, § 2. Those two sections were expressly repealed by Act 49 of 1943, which authorized all levee districts to fix the compensation of full-time employees. Ark. Stats., § 21-612. The 1951 act, which applies only to districts composed of land in four or more counties, extended the district's authority to all employees, whether full-time or not.

It is perfectly clear that the purpose of the 1943 and 1951 statutes was simply to transfer to levee districts a power that the legislature had previously reserved to itself, that of fixing the salaries to be paid to officers and employees of the various districts. That the 1943 statute embodied an express repeal of earlier acts on the same subject establishes the legislative intent beyond question. If the lawmakers had meant to enter a new field by authorizing the use of tax money for the creation of a pension fund that intention would doubtless have been expressly stated in the statutes. The fact that the intention was not so stated convinces us that it did not exist. Additional legislation is needed if the appellee is to have the authority to adopt a retirement plan such as the one now in issue.

Reversed, the demurrer to be overruled.

McFADDIN, J., concurs.