COMMISSIONER OF LABOR, EMPLOYMENT SECURITY DIVISION *v.* EULIS O. RENFROE

5-6069                                         486 S.W. 2d 73

Opinion delivered October 30, 1972
[Rehearing denied November 27, 1972.]

*Herrn Northcutt,* for appellant.

*No brief* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends that the circuit court erred in holding that appellee's entitlement to benefits under the Arkansas Employment Security Law was unaffected by the amount received by him as old age benefits under the Old Age Survivors and Disability Insurance Act (Social Security Law) of the United States. The initial claim was made in this case on April 3, 1969. After exhausting administrative remedies, the claimant applied to the circuit court for judicial review. The circuit court held that appellee's unemployment compensation benefits should not be reduced by the amount of "Social Security" benefits received by him, reversing the holding of the Board of Review that such payments constituted remuneration in the form of retirement pay. We agree with the circuit court.

Appellant contends here that the holding of the Board of Review was correct. The governing statute is referred to as Section 5(f)(4) of the Arkansas Employment Security Act, as it read at the time of the claim. The section applicable is set out in Section 6 of Act 93 of 1963. The applicable subsection then read:

(f) If so found by the Commissioner an individual shall be disqualified for benefits for any week with respect to which he receives or has received remuneration in the form of:

(1) Dismissal payments.

(2) Unemployment benefits under an unemployment compensation law of another state or of the United States.

(3) Vacation pay.

(4) Retirement Payment. Provided that if the amount of the retirement payment computed on a weekly basis shall be less than the claimant's weekly benefit amount, the claimant may be paid the difference between his retirement payment computed on a weekly basis and his weekly benefit amount. Pro-

vided further, however, that no claimant shall be disqualified from receiving benefits under this subsection when his benefits are based entirely on wages earned from employment other than that from which he is retired.

(5) Training or retraining allowance provided for by appropriation of the Congress of the United States.

It should be noted at the outset that two of the five categories of remuneration which the Commissioner of Labor may find disqualifying are (1) dismissal pay and (2) vacation pay, both of which are payments made by the employer. The remaining two categories are (1) unemployment compensation under the law of another state, and (2) training or retraining allowance provided for by appropriation of the United States Congress. Although neither of the latter two items would be subject to classification as retirement pay, the General Assembly did clearly recognize that certain allowances made under the laws of sovereigns other than Arkansas should be disqualifying. The simplest and most direct means of making "Social Security" benefits a disqualifying remuneration would have been to list it as a separate category. This approach has been taken in several states. See, e.g., Page's Ohio Revised Code Ann. § 4141.31A (5), which provided not only for reduction of benefits by the amount of remuneration from certain payments in the form of retirement, but also by one-half of the "old age benefits" payable under the Social Security Act;[1] Okla. Stat. Ann., Title 40, § 215(e); Minn. Stat. Ann., Title 17A, § 268.08 subd. 4 (Cum. Pocket Part for 1972-1973).

Payments made under the Old Age Survivors and Disability Act cannot be easily placed in a particular classification as between "earned rights" or "gratuities." It can be said with some assurance that whatever right one may have to benefits under that act is not an

---

[1]The provision for reduction for old age benefits has been eliminated by legislative action, as reflected by Page's Ohio Rev. Code Ann. § 4141.31 (Supp. 1972).

"accrued property right" or a "vested right" in the sense that one may not be deprived of them by United States government action that is not in violation of constitutional due process requirements. *Flemming* v. *Nestor,* 363 U.S. 603, 80 S. Ct. 1367, 4 L. Ed. 2d 1435 (1960). While payments are based upon a wage-earner's record of earnings in employment covered by the act, the program is financed by the appropriation of an amount equal to the total of payroll taxes paid into the general treasury as internal revenue collections. See *Flemming* v. *Nestor,* supra. These payments may not be subject to classification as gratuities, but the concept is such that it would be difficult to say that they are "retirement payments" in the sense of our Employment Security Act. In *Flemming,* the United States Supreme Court said:

> The Social Security system may be accurately described as a form of social insurance, enacted pursuant to Congress' power to "spend money in aid of the 'general welfare'," Helvering V. Davis, supra (301 US at 640), whereby persons gainfully employed, and those who employ them, are taxed to permit the payment of benefits to the retired and disabled, and their dependents. Plainly the expectation is that many members of the present productive work force will in turn become beneficiaries rather than supporters of the program. But each worker's benefits though flowing from the contributions he made to the national economy while actively employed, are not dependent on the degree to which he was called upon to support the system by taxation. It is apparent that the noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments.

The court, in *Flemming,* also stated that it was dealing with a "noncontractual benefit under a social welfare program."

Even though we accept "Social Security" payments as a type of insurance benefit, it is one of which a

beneficiary can be deprived by appropriate government action. As pointed out in *Flemming,* entitlement to benefits may be lost if the beneficiary earns more than a stated annual sum, unless he has passed the age of 72. We should also note that an employee over 65 may receive "social security" benefits without retiring, so long as his earnings from employment do not exceed the statutory limit. 42 U.S.C.A. §§ 402, 403 (1970). In disposing of the contention that a benefit recipient had "accrued property rights" to payments, the court, in *Flemming,* gave emphasis to Congressional retention of the right to alter, amend or repeal any provision of the act. 42 U.S.C.A. § 1304 (1970).

Our attention has not been called to any decision in any other state where old age benefits paid under the Social Security Act have been held to be disqualifying in the absence of a specific statutory provision. On the other hand, these old age benefits have been held nondisqualifying in Indiana and Idaho. *Nelson* v. *Review Board of Indiana Employment Security Division,* 119 Ind. App. 10, 82 N.E.2d 523 (1948);[2] *Turner* v. *Boise Lodge No. 310,* 77 Idaho 465, 295 P.2d 256 (1956). The Idaho court had this to say:

> The Employment Security program has as its purpose the providing of temporary benefits for the unemployed worker who qualifies under the provisions of the Act. Claimant is receiving old age benefits under the Social Security program. This part of the Social Security program is primarily designed for persons who are no longer in the labor market. This does not mean that a person drawing old age benefits is disqualified from drawing unemployment benefits.

Retirement pay is generally considered not to be a pension or gratuity but as adjusted compensation presently earned by an employee but payable in the future.

---

[2]Subsequently, the Indiana Legislature adopted a statute specifically excluding federal old age, survivors and disability insurance benefits as disqualifying payments. Burns Ind. Stat. Ann. § 52-1539d (Supp. 1971).

*Ledwith* v. *Bankers Life Ins. Co.,* 156 Neb. 107, 54 N.W.2d 409 (1952). We clearly recognized that retirement pay falls into the category of compensation, at least when financed over a period of years by the joint contributions of both the employer and employee, in *Daggett* v. *St. Francis Levee District,* 226 Ark. 545, 291 S.W.2d 254, where we cited *Retirement Board of Allegheny County* v. *McGovern,* 316 Pa. 161, 174 A. 400 (1934), which made the exact distinction applied in *Ledwith.* Perhaps the definition should more appropriately be stated conversely, i.e., retirement pay is compensation currently paid but previously earned by an employee. However the distinction may be stated, the various facets of the Social Security Law prevent the benefits payable thereunder from falling into the category of retirement pay as defined above.

In the absence of any statutory definition of the term "retirement payment," we feel that the generally accepted concept of retirement pay should govern and that the result reached by the Indiana and Idaho courts is preferable to that urged by appellant.

We affirm the judgment.