Richard Czuba et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1980, before Judges MEN-
CER, CRAIG and WILLIAMS, JR., sitting as a panel of
three.

*Frank J. Lucchino,* for petitioners.

*Charles G. Hasson,* Assistant Attorney General,
with him *Richard Wagner,* Chief Counsel and *Edward
G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 10, 1980:

Richard Czuba and other similarly situated claim-
ants (petitioners) have appealed from a decision of
the Unemployment Compensation Board of Review
(Board) which affirmed a decision of the referee,
which in turn affirmed a determination of the Office
(then Bureau) of Employment Security (OES) that
a monthly pension supplement paid petitioners should
be deducted from their weekly unemployment com-
pensation benefits. We affirm.

The petitioners had been employed by the Copper-
weld Corporation. That employment was permanent-
ly terminated on December 15, 1978, when the plant
at which the petitioners worked was partially shut
down. Under the terms of a collective bargaining
agreement, the petitioners became eligible for pen-

sion plan benefits upon the involuntary termination of their employment. These pension plan benefits included a regular monthly pension payment and, for those employees who were under the age of 62, a supplemental payment of $300 per month until they attained age 62.

The petitioners, all under age 62, applied for unemployment compensation benefits. The OES determined that they were eligible for benefits but that Section 404(d)(iii) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(iii), required that $139 per week be deducted from the benefit amount, leaving a net weekly benefit of $4. This deduction was based on the sum of the regular monthly pension payment and the $300-per-month supplemental payment. The sole issue in this appeal is whether it was proper to treat the supplemental payment as "that part of a retirement pension or annuity . . . received by [each eligible employe] under a pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week." *Id.* The appellants argue that the supplemental payment was not a pension for purposes of Section 404(d)(iii) of the Unemployment Compensation Law but was a hardship or termination payment not subject to being used in calculating unemployment compensation benefits.

The Board found, on substantial evidence, that, under the terms of the collective bargaining agreement, supplemental benefits in the amount of $300 were to be paid each month to those employees who (1) were under the age of 62 and (2) had elected to receive premature retirement benefits after their employment was terminated by a plant shutdown but before normal retirement age. The benefits were to be

paid only to persons who were also receiving regular retirement benefits.

In *United States Steel Corp. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 553, 557, 312 A.2d 460, 462 (1973), we defined the term "pension," as used in Section 404(d)(iii) of the Unemployment Compensation Law, as fixed sums paid regularly under given conditions to persons following their retirement from service. The supplemental benefits paid to the petitioners here fall squarely within that definition, and our holding in that case controls here.

Therefore, we enter the following

## ORDER

AND Now, this 10th day of December, 1980, the decision of the Unemployment Compensation Board of Review, affirming the referee's determination that supplemental pension benefits must be considered in determining the amount of unemployment compensation benefits to be paid to Richard Czuba and, by stipulation, binding on the other petitioners herein, is hereby affirmed.