Joseph Tenaglia, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 13, 1982, to President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Kenneth W. Richmond, Rosengarten & Richmond, P.C.,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 15, 1983:

On March 1, 1975, Joseph Tenaglia (Claimant) was placed on a permanent service-connected disability pension by the City of Philadelphia in the amount of $784.23 per month.[1] Thereafter, Claimant was employed by the Home Unity Savings and Loan Company for four years. He was laid off on December 19, 1980 due to lack of work. Claimant's application for unemployment compensation benefits was denied by the Office of Employment Security. That denial of benefits was upheld by a referee whose decision was affirmed by the Unemployment Compensation Board of Review (Board).

The statutory basis for the denial of benefits was Section 404(d)(iii) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, Second Ex. Sess., *as amended,* 43 P.S. §804(d) (iii) which reads in pertinent part as follows:

[E]ach eligible employe . . . shall be paid . . . compensation in an amount equal to his weekly benefit rate less . . . (iii) an amount equal to the amount of a governmental or other pension, re-

---

[1] Claimant had been employed as a policeman for 25 years.

tirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual. . . .[2]

It was determined that Claimant's weekly benefit rate based on his last employment would be $88.00 per week. His pension benefits pro-rated on a weekly basis would be $175.00. Since Claimant's pension benefit exceeded the unemployment compensation benefit to which he would have been entitled, such unemployment compensation benefits were denied.

There is no dispute as to the relevant facts in this case. The sole issue is one of law: may the Claimant's service connected disability pension be used to offset weekly unemployment compensation benefits for which Claimant would otherwise qualify?

The amendment to Section 404(d) enacted in 1980 substantially changed the provisions thereof. Prior to the 1980 amendment, the Law, in pertinent part, read as follows:

Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred seventy-four, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) that part of a retirement pension or annuity, if any, received by him under a pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40.00) per week. Retirement pension or annuity payments received by the employe under the Federal OASI program, the Federal

---

[2] This amendment to Section 404(d) was mandated by the provisions of Section 414(a)(15) of the Multiemployer Pension Plan Amendments Act of 1980, 26 U.S.C. §3304(a)(15).

Railroad Retirement program or under any retirement plan to which the employe was the sole contributor, shall not be considered a deductible retirement pension or annuity payment for the purpose of this subsection.

Claimant's analogizes the issue presented here to those cases where it was held that one receiving workmen's compensation benefits may be eligible simultaneously for unemployment compensation benefits if the applicant is available for suitable work. *Whitehead v. Casey Building Wreckers, Inc.*, 6 Pa. Commonwealth Ct. 256, 294 A.2d 215 (1972); *Michael v. Roadway Express, Inc.*, 211 Pa. Superior Ct. 238, 235 A.2d 627 (1967). Of course, the issue here is whether one who receives a disability pension must have the amount of his *pension* benefits considered within the meaning of the statutory language set forth in Section 404(d)(iii) of the Law. We do not decide in this case the impact, if any, of that statutory language upon the question of whether one may receive simultaneously workmen's compensation and unemployment compensation benefits.

Claimant relies heavily upon our decision in *Ziemba v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 615, 330 A.2d 566 (1975) to support his argument here that one receiving a disability pension is, nevertheless, entitled to unemployment compensation benefits. We observe that Section 404(d)(iii) was not at issue in *Ziemba*. Unemployment compensation benefits were denied the claimant in *Ziemba* because he was presumed to be unavailable for suitable work[3] by reason of his receiving a federal disability retirement annuity. This Court held that a claimant could not be denied unemployment compensation benefits solely because he had retired on a dis-

---

[3] Section 401(d) of the Law, 43 P.S. §801(d).

ability pension from the Federal Government. Again, the issue was not a calculation of benefits under the provisions of Section 404(d)(iii) but rather a determination of eligibility under Section 401(d). *Ziemba* clearly does not control the result in the instant case.

Claimant also argues that there is manifest unfairness in that his employer paid unemployment compensation taxes for him only to have the Board rule that he is not entitled to benefits. While the argument has some merit in logic, it is not one upon which the Board or this Court can support the award of unemployment compensation benefits in view of the plain meaning of the amendatory language in Section 404(d)(iii), *supra*. The legislative intent in enacting the Law was to protect against the hazards of unemployment and indigency and the purpose of the 1980 amendment to Section 404 was to preserve funds for those who truly need them. *Novak v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 148, 457 A.2d 610 (1983).[4]

Nor can we agree with Claimant that the legislature's failure to specifically identify disability pensions by name in Section 404(d)(iii) amounts to an exclusion; rather, we are of the opinion that the general language used is an indication of the legislature's intent that the clause be all inclusive. Our conclusion in that respect is based upon our research of the various amendments to Section 404(d) beginning in 1968 with the Act of January 17, 1968, P.L. 21. It is apparent to

---

[4] *Novak* held that the Board did not err when it denied claimant unemployment compensation benefits where the amount of claimant's military pension exceeded his entitlement under the Law. In *Novak* we upheld the constitutionality of Section 404(d)(iii), *as amended*, and set forth the policy reasons for its adoption. Here, there is no constitutional challenge; we are concerned only with the application of the statutory language to the circumstances now before us.

us from that research that the legislature has followed a steady course beginning with a very limited class of pensions which were deductible and ending with the 1980 amendment which, in our opinion, is all inclusive.

Looking at the plain language of the 1980 amendment, we observe that the former exclusions for pension or annuity payments received by an employee under the Federal OASI program, the Federal Railroad Retirement program or from a retirement plan to which the employee was the sole contributor, Act of July 9, 1976, P.L. 842, have been deleted. The forty dollar exclusion from payments received by an employee from a pension to which the employer has contributed, was likewise deleted.

The 1980 amendatory language is broad, general and all inclusive. It mandates that the employee's unemployment compensation benefits to which he might otherwise be entitled, *shall be* reduced by the amount of a governmental or other pension, retirement or retired pay, annuity or *any other similar periodic payment* based upon the employee's previous work. With regard to the facts of the case now before us, it is clear that Claimant's pension is a governmental pension. It is likewise clear to us that a permanent disability pension is a periodic payment based upon Claimant's previous work. In sum, we hold that the statutory language of the 1980 amendment encompasses Claimant's pension benefits and the Board correctly deducted the amount thereof from Claimant's entitlement under the Law.[5]

Order affirmed.

---

[5] The Board's brief cites to a United States Department of Labor Directive No. 2480 which, unfortunately, is not a part of the record before us. We are told that the directive states that the terms "governmental or other pension, retirement or retired pay, annuity or any other similarly periodic payment which is based on the previous work of such individual" as used in the Federal Statute (*see supra*

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-200233, dated October 15, 1981, denying unemployment compensation benefits to Joseph Tenaglia is affirmed.

---

note 2) must include disability retirement benefits as deductible. Of course, such a directive is not binding upon this Court and, since it is not of record it is doubtful that we can even take judicial notice of it in this judicial proceeding. We do recognize, however, that such a communication would be an important consideration to the Board in reaching its decision because of the Federal funding of our Commonwealth's unemployment compensation program.