Edward W. Mahland, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 14, 1984, to Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*Edward W. Mahland,* petitioner, for himself.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, June 19, 1984:

The claimant, Edward W. Mahland, appeals from an order of the Unemployment Compensation Board of Review (Board), which found him ineligible to receive unemployment benefits under Section 404(d)-(iii) of the Unemployment Compensation Law (Law)[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(iii).

due to his receipt of certain monies which exceeded his weekly benefit amount. We affirm.

For the purposes of this appeal, the claimant was last employed as an electrical engineer by the Radio Corporation of America (RCA) until May 31, 1981.[2] At the time of the claimant's separation, he elected to receive his pension entitlement from RCA in a lump-sum of $135,156.22 in lieu of receiving monthly pension benefits. Additionally, the claimant became eligible to receive monthly social security benefits in the amount of $483.40. The claimant's application for unemployment benefits was denied by the Office of Employment Security (OES) pursuant to Section 404(d)-(iii) of the Law upon the basis that the combination of the claimant's social security and pension benefits, allocated weekly, exceeded the weekly benefit amount the claimant was entitled to under the Law, $175 per week. The relevant findings of the Board are

3. The claimant filed an application for unemployment compensation benefits with an effective date of May 31, 1981; and established entitlement to $175.00 in weekly benefits, with his total benefit entitlement being $5,250.00.

4. Effective June 1, 1981, claimant elected the option of taking his pension in a lump sum of $135,156.22, instead of receiving a monthly pension in the amount of $1,079.67, which is equivalent to $241.45 per week.

5. Effective June 1, 1981, claimant became eligible for a monthly Social Security Pension in the amount of $483.00, which is equivalent to $111.00 per week.

6. The weekly equivalent of claimant's two (2) pensions is $352.45.

---

[2] The claimant's separation is not at issue in this case.

It was upon these findings that the Board based its determination, affirming the OES and the referee, that claimant is ineligible for benefits under Section 404(d)(iii).

The claimant contends that it was error for the Board to offset against his weekly unemployment benefits his pension from RCA, since he placed his entire lump-sum pension fund in an Individual Retirement Account (IRA) which he asserts need not be received by him until he reaches the age of 70.

Section 404(d)(iii) of the Law states in pertinent part:

[E]ach eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred eighty, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual, which is reasonably attributable to such week. . . . The provisions of this subsection shall be applicable whether or not such vacation pay, retirement pension or annuities, or wages are legally required to be paid. If such retirement pension or annuity payments deductible under the provisions of this subsection are received on other than a weekly basis, the amount thereof shall be allocated and prorated in accordance with the rules and regulations of the department.

Regulations of the Office of Employment Security include the following

§65.105. Lump-sum retirement payments.

When an employe, at retirement, exercises the option of receiving a lump-sum payment in lieu of a monthly retirement payment, the monthly retirement pension amount which the employe could have received shall be deducted in accordance with §65.101 of this title (relating to purpose), provided, however, that where the lump-sum payment is mandatory, no deduction shall be made.[3] (Footnote added.)

While the precise question before us here, involving credit for the lump-sum payment of pension funds when transferred to an IRA account, seems not to have previously been before the courts of this Commonwealth, the issue was dealt with in the Indiana case of *Lincoln National Bank v. Review Board of the Indiana Employment Security Division,* Ind. App. , 446 N.E. 2d 1337 (1983) wherein it is stated:

Koehlinger argues that, because he merely transferred his non-interest-bearing pension into an interest-bearing IRA account and never intended to actually retire, he is not using the pension as a substitute for unemployment compensation. Unfortunately, how Koehlinger uses his pension and whether he actually retired are not our concerns—the legislative focus is upon receipt of pyramiding benefits.

*Id.* at , 446 N.E. 2d at 1340.

As with the Indiana case, we read our statutory provision with regard to pension credits, Section 404-(d)(iii) of the Law, to require that the lump-sum pension payment in this case regardless of the IRA transfer must be "allocated and pro-rated" so that there is

---

[3] Insofar as these regulations are not consonant with the amended Law as quoted above, this is due to a failure to amend these regulations following amendments of the Law.

deducted from the weekly benefit rate payable to claimant "the monthly retirement pension amount which the employe could have received." Accordingly, we will affirm the Board's determination of Claimant's ineligibility for benefits under Section 404(d)(iii)of the Law and the Board's order denying benefits.[4]

ORDER

Now, June 19, 1984, the order of the Unemployment Compensation Board of Review, dated November 23, 1981, No. B-201331, denying benefits to the claimant, Edward W. Mahland, is hereby affirmed.

Judge COLINS dissents.

---

[4] Claimant's argument that the Board erred in the benefit computation need not be considered, being facially without merit since the claimant's computation would reach a "total weekly equivalent" to his pension of $358.18, which is in excess of the Board's figure of $352.45.