Ida D. Sanders, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 14, 1984, to Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*Elaine B. Battle,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, October 31, 1984:

Ida D. Sanders (Claimant) has appealed a decision and order of the Unemployment Compensation Board of Review (Board) which denied her benefits under Section 404(d)(iii) (the pension offset provision) of the Unemployment Compensation Law (Law).[1] We affirm.

On April 4, 1982 Claimant filed an application for unemployment benefits and was found to be entitled to a weekly benefit of $60.00. Because of an increase in the monthly Social Security check in June 1982 however, the Board determined that Claimant's Social Security payment exceeded her weekly unemployment compensation benefits and, accordingly, reduced her benefit to zero.

Section 404(d)(iii) of the Law provides in pertinent part:

[E]ach eligible employee ... shall be paid ... compensation in an amount equal to his weekly benefit rate less ... (iii) an amount equal to the amount of a governmental *or other pension,* retirement or retired pay, annuity, or any other similar periodic payment *which is based on the previous work of such individual* ... (Emphasis added.)

Claimant contends that her Social Security benefits are not a pension within the meaning of Section 404(d)(iii) because they are not based upon her previous employment. While this precise question is one of first impression, we have in the past decided cases where Social Security payments were, in fact, offset. *See Mahland v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 301, 476 A.2d 1023 (1984); *Hawrylak v. Unemployment Compensa-*

---

[1] Act of December 5, 1936, P.L. (1937) 2897; Second Ex. Sess. *as amended,* 43 P.S. §804(d)(iii).

*tion Board of Review,* 74 Pa. Commonwealth Ct. 223, 459 A.2d 883 (1983). In these cases a direct challenge to social security payments qualifying as offset debits was not made and the decisions were based on other issues.

We must determine first whether the payments in question constitute a pension. In construing Section 404(d)(iii) previously this Court reviewed the legislative history and amendments pertinent to this section of the Law and stated:

> [W]e are of the opinion that the general language used [in Section 404(d)(iii)] is an indication of the legislature's intent that the clause be all inclusive. Our conclusion in that respect is based upon our research of the various amendments to Section 404(d) beginning in 1968 with the Act of January 17, 1968, P.L. 21. It is apparent to us from that research that the legislature has followed a steady course beginning with a very limited class of pensions which were deductible and ending with the 1980 amendment which, in our opinion, is all inclusive.

*Tenaglia v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 453, 457-58, 458 A. 2d 331, 333, (1983). The Court in *Tenaglia* further stated:

> The 1980 amendatory language is broad, general and all inclusive. It mandates that the employee's unemployment compensation benefits to which he might otherwise be entitled, *shall be* reduced by the amount of a governmental or other pension, retirement or retired pay, annuity or *any other similar periodic payment* based upon the employee's previous work. (Emphasis in original.)

*Id.* at 458, 458 A.2d at 333.

This Court has likewise previously defined the term pension as "fixed sums paid regularly under given conditions to persons following their retirement from service." *Czuba v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 231, 234, 422 A.2d 1235, 1236 (1980), *citing United States Steel Corp. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 553, 557, 312 A.2d 460, 462 (1973). Although this definition of a pension was established prior to the 1980 Amendment to Section 404, we find it equally applicable to the statute as it reads today.

Case law further reveals that this Court has previously applied the pension offset provision to other various forms of employee benefits. *See Tenaglia,* 73 Pa. Commonwealth Ct. at 458, 458 A.2d at 333 (provision applied to disability retirement pension); *Czuba,* 55 Pa. Commonwealth Ct. at 234, 422 A.2d at 1236 (provision applied to monthly pension supplement); *Novak v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 148, 457 A.2d 610 (1983) (provision applied to U.S. Marine Corps military pension). Consistent with this Court's prior reading of Section 404(d)(iii) as all inclusive, *Tenaglia,* we hold that Social Security payments are a pension within the meaning of Section 404(d)(iii).

Claimant contends, however, that the Social Security pension is not based upon her previous employment. We must disagree. The Federal Insurance Contributions Act reveals that employers are to withhold, for social security purposes, a certain portion of an employee's income and further reveals that the percentage withheld is based upon the employee's wages.[2] Thus, Social Security benefits flow from a tax upon wages. *Flemming v. Nester,* 363 U.S. 603, 609-10

---

[2] 26 U.S.C. §§3101-3126 (1982).

(1960).[3]  While it is true that the amount one pays
into the fund does not necessarily equal the amount
one may receive, we find no such requirement present
in Section 404 of the Law.  Claimant further contends
that some individuals, *e.g.,* widows, widowers and or-
phans, receive Social Security payments without ever
having paid into the system.  Claimant makes no al-
legation that she is in this category or that her social
security benefits are thus computed; hence, the issue
is academic for the purposes of determining Claim-
ant's appeal.

Claimant relies heavily on a decision by the Su-
preme Court of Arkansas, *Commission of Labor v.
Renfroe,* 253 Ark. 380, 486 S.W. 2d 73 (1972).  *Ren-
froe,* of course, is not binding on this Court, nor do we
find it persuasive.  *Renfroe* held that Social Security
benefits are not *retirement payments* within the
meaning of Section 6 of the Arkansas Employment
Security Act.[4]  In light of our reading of Section 404
as containing broad language we, however, find that
Social Security benefits *are* included in the *pension*
offset provision of the Pennsylvania Law.

---

[3] Although *Flemming* stated that participation in the Social
Security system is not contractual in nature, we find no statutory
requirement in Section 404 that pension offsets be received pursuant
to a specific contract.  Rather, the criteria are (1) that payments
be periodic and (2) that payments be based upon previous work.

[4] Ark. Stat. Ann. §81-1106(f)(4) (1976) *as amended,* provided
in pertinent part that "Retirement Pay" would reduce an individual's
unemployment benefits.  But *Renfroe* cites a Pennsylvania Supreme
Court decision, *Retirement Board of Allegheny County v. McGovern,*
316 Pa. 161, 174 A. 400 (1934) which appropriately held:

   Pensions should not be confused with retired pay.  A pension
   is a bounty or a gratuity given for services that were ren-
   dered in the past.  This act provides for retirement pay.
   Retirement pay is defined as "adjusted compensation" pres-
   ently earned, which, with contributions from employees, is
   payable in the future.

   . . . .

Finally, Claimant argues that because *unearned* income is not subject to the offset provisions of Section 404, whereas earned income is, the statute violates the Equal Protection Clauses of the United States and Pennsylvania Constitutions.[5] Claimant concedes that no fundamental right is at issue here and, hence, the constitutionality of Section 404 must be measured under the "rational relationship" test. "Absent an invidious discrimination against a suspect class or the burdening of a fundamental right, . . . a legislative classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest." *United States Steel Corporation v. Workmen's Compensation Appeal Board (Mehalovich)*, 72 Pa. Commonwealth Ct. 481, 484, 457 A.2d 155, 156-57 (1983), *citing Frontiero v. Richardson*, 411 U.S. 677 (1973).

This Court dismissed the identical equal protection challenge in *Latella v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 14, 459 A.2d 464 (1983), where we noted that the Law's purpose is to "provide some economic security to individuals exposed to financial distress during periods of forced unemployment." *Id.* at 21, 459 A.2d at 469. We

---

The distinction between pension and retirement pay is not artificial . . . . Where an allowance is made out of hand, gratuitously, and purely for past services, by the government, it is a pension with all the attributes of a pension; but where the employee contributes a part of his salary or wages with a sum from the state or county under a quasi contractual relationship with the municipality or state, creating a contributed reserve retirement system, the results are different, retirement pay made therefrom is not a pension; the contributions by the government from their very nature must be viewed in a different light. (Footnote omitted.)

316 Pa. 169-70, 174 A. at 404-05.

[5] U.S. Const. amend. XIV, §1; Pa. Const. art. I, §26.

found this to be a legitimate governmental objective. While the distinction between earned and unearned income may constitute an imperfect classification, this does not invalidate Section 404(d)(iii).

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality."

*Dandridge v. Williams*, 397 U.S. 471, 485 (1970).

We affirm the Board.

### ORDER

Now, October 31, 1984, the decision and order of the Unemployment Compensation Board of Review, No. B-209288, dated August 26, 1982, is hereby affirmed.