Annabelle Eskra, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 22, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard B. Henry, Bugaj and Henry,* for petitioner.

*Charles Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, October 28, 1985:

Annabelle Eskra (Claimant) appeals from an order of the Unemployment Compensation Board of Re-

view (Board) affirming a referee's decision which concluded: 1) that Claimant was not entitled to receive unemployment compensation benefits under Section 404(d)(iii) of the Unemployment Compensation Law (Law)[1] and; 2) that Claimant was liable for a nonfault overpayment under Section 804(b) of the Law.[2] We affirm.

The facts as found by the referee and adopted by the Board are not in dispute. Claimant was employed in a knitting mill until October 7, 1982, when she was laid off because of a lack of work. Claimant filed an application for unemployment compensation benefits on October 10, 1982. The application was granted by the Office of Employment Security (OES) and Claimant received sixty-four dollars ($64.00) per week for five weeks.

Prior to the lay-off, in August of 1982, Claimant had filed an application with the Social Security Administration for Social Security retirement benefits (pension).[3] On November 18, 1982 Claimant received a notification from the Social Security Administration stating that she would receive pension benefits in the amount of three hundred thirty-two dollars ($332.00) per month effective as of October 2 1982.[4]

Claimant informed the OES of this change in her income. As a result, the OES determined that, be-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, §404(d)(iii), *as amended*, 43 P.S. §804(d)(iii).

[2] 43 P.S. §874(b).

[3] Prior to filing for pension benefits with the Social Security Administration, Claimant had been receiving widow's benefits which were calculated based upon her husband's earnings.

[4] Claimant's pension benefits actually became effective in February of 1982. In November of 1982 Claimant received a check in the amount of three hundred ninety dollars and sixty cents ($390.60) which represented a lump-sum payment for her October, 1982 pension plus the difference between her widow's benefits and her pension benefits for the months of February, 1982 through September, 1982.

cause Claimant's weekly pension benefits, which were equivalent to seventy-six dollars ($76.00) per week, exceeded the amount of her unemployment compensation benefits, she was not entitled to receive unemployment compensation benefits. The OES further determined that Claimant did not deliberately or willfully conceal facts in order to obtain unemployment compensation, therefore, she would be subject to the nonfault recoupment of overpayment provisions of Section 804(b) of the Law. The referee, after a hearing, affirmed the OES determination.

Claimant appealed the referee's decision to the Board. Claimant's position before the Board was that the Social Security Administration had mistakenly begun to pay her pension benefits prematurely; that she did not intend to begin receiving the pension benefits until March of 1983; and that she had withdrawn her application for and repaid the pension benefits which mistakenly had been paid to her. The Board ordered two remand hearings, which were held on April 7, 1983 and June 16, 1983, respectively. The remand hearings were for the purpose of allowing Claimant to submit evidence that she had withdrawn her application for pension benefits and repaid the money which she had received. Claimant submitted the following: 1) a copy of her Request for Withdrawal of Application, filed with the Social Security Administration on March 31, 1983; 2) a copy of an acknowledgement of receipt of the Withdrawal Request by the Social Security Administration, dated April 4, 1983; 3) a copy of a second acknowledgement from the Social Security Administration of receipt of the Withdrawal Request and acknowledging receipt of a new application for pension benefits, to be effective March, 1983, dated May 12, 1983; 4) a copy of a notice from the Social Security Administration, dated July 6, 1983, explaining that in order to process Claim-

ant's Withdrawal Request, Claimant must repay two hundred twenty-four dollars and sixty cents ($224.60);[5] and 5) a copy of a letter from Claimant's attorney to the Social Security Administration, dated July 13, 1983, enclosing a check written by Claimant's attorney on Claimant's behalf, to the Social Security Administration in the amount of two hundred twenty-four dollars and sixty cents ($224.60).

The Board, on August 4, 1983, upon consideration of the entire record including the evidence presented by Claimant at the two remand hearings, affirmed the findings of fact, conclusions of law and decision of the referee. Claimant now appeals to this Court. The question we must answer is whether Claimant's unemployment compensation benefits must be reduced by the amount of Social Security pension benefits which she was eligible for and in fact received, but later returned.

Section 404(d)(iii) of the Law provides in pertinent part:

Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual, which is reasonably attributable to such week, in accordance with this subsection. The provisions of this sub-

---

[5] This amount represents the difference between what Claimant received in pension benefits and what she would have received in widow's benefits for the period from February, 1982 through February, 1983.

section shall be applicable whether or not such . . . retirement, pension or annuities . . . are legally required to be paid. . . .

In *Latella v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 14, 459 A.2d 464 (1983) we held that Section 404(d)(iii) was intended to promote the fiscal integrity of the unemployment compensation fund and to eliminate payment of duplicative, windfall unemployment benefits to those who, primarily because of their retirement eligibility, are receiving adequate wage replacement income. We have also held that Social Security retirement payments are a pension within the meaning of Section 404(d)(iii), *Sanders v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 1, 482 A.2d 1371 (1984). Further, we have held that a lump sum pension payment, which was transferred by a claimant into an individual retirement account and could not be withdrawn until the claimant reached age 70, must be allocated and prorated so that the claimant's unemployment compensation benefits would be reduced by the amount which the claimant could have received weekly. *Mahland v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 301, 476 A.2d 1023 (1984).

In the case at bar, Claimant applied for, was determined by the Social Security Administration to be eligible for, and received pension benefits for the period during which she was unemployed. Section 404(d)(iii) specifically provides that the reduction of unemployment compensation benefits shall be applicable whether or not the pension is required to be paid. Thus, the fact that Claimant later withdrew her application for pension benefits is irrelevant. To allow Claimant to receive her pension without a reduction in her unemployment benefits would be to condone the circumvention of the purpose of Section 404(d)(iii)

which is to preserve the fiscal integrity of the unemployment compensation fund by preventing duplicative payments.

Accordingly, the order of the Board is affirmed.

### ORDER

AND Now, October 28, 1985, the order of the Unemployment Compensation Board of Review, No. B-220865, dated August 4, 1983, is affirmed.