561 A.2d 80

**WESTINGHOUSE ELECTRIC CORPORATION, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 1989.

Decided July 17, 1989.

James C. Brennan and Cynthia A. McNicholas, Rankin, Brennan & Donaldson, Media, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, and James Bradley, Asst. Counsel, and Gary L. Kelley, for respondent.

Theodore Goldberg and Janice M. Savinis, Henderson & Goldberg, P.C., Pittsburgh, for Intern. Union of Electronic, Elec., Salaried Machine and Furniture Workers.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, BARRY, COLINS, McGINLEY and SMITH, JJ.

## OPINION

BARRY, Judge.

This case originally consisted of two unemployment compensation proceedings involving Westinghouse Electric Corporation (Westinghouse) which were consolidated for argument before this Court. A decision was filed by this Court and reported as *Westinghouse Electric Corporation v. Unemployment Compensation Board of Review*, —— Pa. Commonwealth Ct. ——, 549 A.2d 623 (1988). Subsequently this Court granted reargument of the prior decision and consolidated the argument with a third unemployment case in which Westinghouse is the employer and involving the same issue. The order granting reargument specifically instructed the parties to address the applicability of *Czuba v. Unemployment Compensation Board of Review*, 55 Pa.Commonwealth Ct. 231, 422 A.2d 1235 (1980), in their supplemental briefs.

Since the three cases are similar and since our earlier decision recites the facts of the first two cases, we will only recite the facts of the new case here. Claimant, Leonard Weisman, was employed by Westinghouse for twenty-seven

years but had not yet reached normal retirement age. He was separated from his employment due to a plant closing and applied for unemployment compensation benefits. Claimant received a lump sum pension payment pursuant to a Westinghouse policy giving early retirement benefits to employees who lose their jobs by reason of a plant closing. The Office of Employment Security deducted the equivalent weekly amount of his pension from his unemployment benefits but a referee granted benefits without a reduction and the Unemployment Compensation Board of Review (Board) affirmed.

Our prior decision in this matter held that the retirement benefits paid to an employee separated from his employment due to a plant closing before he reaches retirement age are not to be deducted from unemployment compensation benefits received by him. The decision was based on the Board's regulation, 34 Pa.Code § 65.103, which states that retirement payments made prior to retirement date because of a permanent and involuntary separation from employment shall not be deducted from unemployment benefits. We held that this regulation remained valid despite a 1980 amendment to the underlying statute [1] which expanded the types of retirement benefits which were to be deducted from unemployment benefits. Our reasoning was that the Board has apparently continued to invoke the regulation, that the amendment to the statute did not purport to limit the Board's ability to regulate the deduction of pension benefits from unemployment benefits, and that neither the Board nor the legislature has sought to change the effect of the regulation. Because we do not find that *Czuba* affects our prior decision, our prior order will be confirmed.

In *Czuba* employees younger than sixty-two years of age when a plant was shut down received regular retirement payments plus $300 per month supplemental payments. This Court held that the supplemental payments were de-

---

1. Section 404(d)(2)(iii) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, Second Ex.Sess., *as amended,* 43 P.S. § 804(d)(2)(iii).

ductible from unemployment benefits. This, at first glance, may seem in conflict with our prior holding in the present case. In *Czuba,* however, we did not consider the present issue. The only argument which was advanced by the employees in that case was that the supplemental payments were not retirement payments under the statute but were instead hardship or termination payments. We did not consider the issue of whether retirement benefits paid before the regular retirement date because of a plant shutdown are deductible. We also did not construe the applicable regulation since the issue of the regulation's effect was not presented to us. Why the employees did not use the regulation to their advantage is unknown, as is why the Board did not apply the regulation as it has in the present cases. Because we did not construe the regulation, we do not find *Czuba* controlling, nor do we find it necessary to overrule *Czuba* for our decision in this case to stand. We will, therefore, confirm our prior order and affirm the Board's order in the Weisman appeal.

## ORDER

NOW, July 17, 1989, the order of this Court, dated October 27, 1988, at Docket No. 2697 C.D. 1987 and Docket No. 1398 C.D. 1988, is confirmed.

## ORDER

NOW, July 17, 1989, the order of the Unemployment Compensation Board of Review, dated August 29, 1988, at No. B–266621–B, is affirmed.

CRUMLISH, Jr., President Judge, concurring.

I concur with the majority's disposition of this matter but write separately to express my disagreement with the reasoning expressed in the prior decision, and reiterated here, majority, slip op. at 81, that the 1980 amendment to Section 404(d)(2)(iii) did not purport to limit the Board's ability to regulate the deduction of pension benefits from unemployment benefits.

In *Tenaglia v. Unemployment Compensation Board of Review*, 73 Pa.Commonwealth Ct. 453, 458 A.2d 331 (1983), we stated that, in providing that unemployment benefits be offset by retirement benefits, "the legislature has followed a steady course beginning with a very limited class of pensions which were deductible and ending with the 1980 amendment which, in our opinion, is all inclusive." *Id.*, 73 Pa.Commonwealth Ct. at 458, 458 A.2d at 333.

In *Latella v. Unemployment Compensation Board of Review*, 74 Pa.Commonwealth Ct. 14, 459 A.2d 464 (1983), we held that Section 404(d)(2)(iii) was intended to eliminate payment of duplicative, windfall unemployment benefits to those who are receiving adequate wage replacement income.

While I agree that, in this instance, the Board regulations are consistent with the 1980 amendment, it is apparent that the legislature intended to expand the types of pension benefits which would offset unemployment compensation. To the extent that the majority's language might be construed to mean that the 1980 amendment does not limit the Board's ability to regulate "double-dipping" by one on a pension, I must dissociate myself from it.