The Honorable Ben Allen State Senator P.O. Box 2635 Little Rock, AR 72203
Dear Senator Allen:
This is in response to your request for an opinion regarding whether retirement benefits paid to a member of the Arkansas General Assembly would constitute a salary increase in violation of the Arkansas Constitution. Presumably, the constitutional provision you are referring to is Amendment 56, Section 3 to the Arkansas Constitution. Amendment 56 sets out the salaries of the constitutional officers and members of the General Assembly. Section 3 governs members of the General Assembly, providing as follows:
 The members of the General Assembly shall receive as their annual salary the sum of $7,500, except the President Pro Tempore of the Senate and the Speaker of the House of Representatives, who shall each receive the sum of $10,000 annually, with such salaries to be payable in equal monthly installments. Provided, that no member of the General Assembly shall be entitled to per diem, reimbursement for documented expenses and mileage unless authorized, and within the limitations, as provided by law.
Anything in excess of this constitutionally authorized salary could be construed as an unconstitutional salary increase. See Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964). In Berry, the Arkansas Supreme Court held that Act 399 of 1961, which provided for reimbursement to state constitutional officers and members of the General Assembly for public relations activities, authorized an unconstitutional salary increase to the extent that it provided for reimbursement without regard to whether any expenses were actually incurred. The court held that if reimbursement were limited to expenses actually incurred, there would be no unconstitutional salary increase, and struck down the unconstitutional portion of the Act.
Your question is whether the retirement benefits provided to members of the General Assembly under the Arkansas Public Employees' Retirement System, specifically A.C.A. Sections24-4-701 to -711 (1987), could be construed as an unconstitutional salary increase.[1] In my opinion, such an interpretation is unlikely.
It should be remembered that our state Constitution is not a grant of power, but a limitation of the power given to the people; consequently, if no limitation of power is either specifically or impliedly expressed in the Constitution, the legislature may, as the representative of the people, authorize such appropriations as it deems necessary. Berry v. Gordon, supra. Additionally, every act of the legislature enjoys a presumption of constitutionality, and any doubts must be resolved in the act's favor. Hand v. H R Block, Inc., 258 Ark. 774,528 S.W.2d 916 (1975); Bush v. Martineau, 174 Ark. 214, 295 S.W. 9
(1927). If it is at all possible for a court to construe an act so that it will meet the test of constitutionality, it must do so; every reasonable construction must be resorted to in order to save a challenged statute from unconstitutionality. Hand v. H R Block, supra; Bush v. Martineau, supra.
There is no express prohibition in our Constitution against providing retirement benefits for the members of the Arkansas General Assembly. Therefore, unless the salary limitation set out in Amendment 56, Section 3 can be construed as an implied prohibition against such retirement benefits, the legislature should be free to provide for such benefits, as it has done through the passage of A.C.A. Section 24-4-701 to -711 (1987). The question thus becomes whether retirement benefits could be construed as salary in excess of the amount provided for in Amendment 56.
This exact question has not been addressed by Arkansas courts, but an examination of the two terms indicates a legitimate distinction between them that Arkansas courts might recognize. The term "salary" is defined in Black's Law Dictionary (5th ed. 1979) as:
 a reward or recompense for services performed. In a more limited sense, a fixed periodical compensation paid for services rendered. A stated compensation paid periodically as by the year, month, or other fixed period, in contrast to wages, which are normally based on an hourly rate.
It is true that retirement benefits are not unlike salary in that they generally consist of a fixed amount that is paid periodically; nevertheless, they are different from salary, with their own unique purpose. The granting of pension to public employees is designed to:
 induce competent persons to enter and remain in the public service or employment, and to encourage the retirement from public service of those who have become incapacitated from performing their duties as well as they might be performed by younger or more vigorous persons. It has also been stated that a pension system is intended to promote efficient, continued, and faithful service to the employer and economic security to the employees and their dependents, by an arrangement under which, by fulfillment of specified eligibility requirements, pensions become property of the individual as a matter of right upon the termination of public service." 67 C.J.S. Officers § 243 (1978).
In Parker v. Arkansas Real Estate Commission, 256 Ark. 149,506 S.W.2d 125 (1974), the Arkansas Supreme Court did draw a distinction between salary and retirement benefits, holding that the legislature, in a statute authorizing the Real Estate Commission to provide salaries for its employees, surely did not mean to authorize the Commission to provide retirement benefits as well. The court referred to an earlier case in which the same distinction between salary and retirement benefits was made. Parker, citing Daggett v. St. Francis Levee Dist., 226 Ark. 545,291 S.W.2d 254 (1956). While this case is not directly on point, it may be some indication of how Arkansas courts would analyze and compare these two terms. Also, at least one case from another jurisdiction has recognized a distinction between retirement benefits and salary in this context. Campbell v. Kelly,202 S.E.2d 369 (W.Va. 1974).
In summary, existing case law and a general examination of the terms "salary" and "retirement benefits" lend support to the conclusion that the legislature has not violated the Arkansas Constitution by providing retirement benefits for members of the Arkansas General Assembly.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CT:ct
[1] As a 32 year member of the General Assembly, you appear to be entitled to these retirement benefits under A.C.A. Section24-4-705(a) (1987).