The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion on whether paying retirement benefits to legislators would be in violation of Amendment 70 to the Arkansas Constitution. It is my opinion that amendment 70 to the Arkansas Constitution does not, in all likelihood, prohibit the participation of legislators in a state retirement program.
The Arkansas Public Employees' Retirement System, specifically A.C.A. 24-4-701 to -711 (1987), provides members of the General Assembly with retirement benefits. It should be initially noted that every act of the legislature enjoys a presumption of constitutionality, and any doubts must be resolved in the act's favor. Hand v. H R Block, Inc.,258 Ark. 774, 528 S.W.2d 916 (1975). In addition, if no limitation of power is either specifically or impliedly expressed in the constitution, the legislature may authorize such appropriations as it deems necessary. Berry v. Gordon,237 Ark. 547, 376 S.W.2d 279 (1964). There is no express prohibition in our constitution against providing retirement benefits for the members of the Arkansas General Assembly. Amendment 70, which provides for the legislators' salaries, per diem payments, and reimbursement expenses, prohibits the General Assembly from receiving "any other income" in the form of salaries or expenses. The question thus becomes whether retirement benefits, authorized by the Arkansas Code, could be construed as "any other income," as stated in Amendment 70.
Amendment 70 contemplates that "income" will be either in the form of salary or expenses. See Amendment 70, (b) (stating that no member of the General Assembly shall receive any other income, whether in the form of salary or expenses. . . .) Although retirement benefits, like salary, generally consist of fixed amounts paid periodically, retirement benefits, in my opinion, can be distinguished from salary. Black's Law Dictionary, 6th ed. (1990) defines the term "salary" as:
 a reward or recompense for services performed. In a more limited sense, a fixed periodical compensation paid for services rendered. A stated compensation paid periodically as by the year, month, or other fixed period, in contrast to wages, which are normally based on an hourly rate.
While the purpose of a salary is to reward and compensate for services, the granting of pension to employees has its own unique purpose. Public retirement benefits are designed to "promote efficient, continued, and faithful service to the employer." See 67 C.J.S. Officers 243 (1978).
The Arkansas Supreme Court has also drawn a distinction between salary and retirement benefits. In Parker v. Arkansas Real Estate Commission, 256 Ark. 149, 506 S.W.2d 125 (1974), the court held that a statute authorizing the Real Estate Commission to provide salaries for its employees did not authorize the Commission to provide retirement benefits. Id. (citing Daggett v. St. Francis Levee Dist., 226 Ark. 545,291 S.W.2d 254 (1956)).
In addition, Amendment 70 operates as a restriction on members of the General Assembly receiving any other income for service in the General Assembly. It may be contended that this language would not prohibit the receipt of retirement benefits by retired, and thus former, members of the General Assembly.
In my opinion, existing case law, and a general examination of the terms "salary" and "retirement benefits" lend support to the conclusion that retirement benefits paid to legislators do not violate amendment 70 to the Arkansas Constitution. A similar conclusion was reached by this office in 1991, under the former salary restriction of Amendment 56 to the Arkansas Constitution. See Op. Att'y Gen. 91-008 (copy enclosed).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
Enclosure