**YORK CABLE TELEVISION, INC. t/d/b/a Cable TV of York, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 16, 1994.

Decided Jan. 31, 1995.

Craig W. Bremer, for petitioner.

David B. Washington, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

York Cable Television, Inc. t/d/b/a Cable TV of York (York) appeals an Unemployment Compensation Board of Review (Board) order that affirmed a referee's decision granting unemployment benefits to Thomas Moubray under the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

The facts in this case are undisputed. Moubray suffered a non-work-related injury. He returned to work at a restricted, light-duty position with York from January 7, 1994 until February 18, 1994, when York informed him it no longer had work available within his restrictions. Moubray went on disability leave, receiving seventy-five percent of his salary under a salary continuation plan paid for and maintained by York. The salary continuation plan is a temporary disability plan which lasts until the employee is no longer disabled or for six months, whichever is shorter. Moubray is available for suitable work that does not require overhead lifting or twisting. After Moubray's application for unemployment benefits was granted, York unsuccessfully appealed to the referee and then to the Board. York now appeals to this Court.

■ Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact were unsupported by substantial evidence. *Hercules, Inc. v. Unemployment Compensation Board of Review,* 146 Pa.Commonwealth Ct. 77, 604 A.2d 1159 (1992).

■ The sole question York raises here is whether under Section 404(d)(2)(i) of the Law, 43 P.S. § 804(d)(2)(i), Moubray is entitled to unemployment compensation during a period of temporary disability while simultaneously receiving benefits under a plan maintained and funded solely by York. Section 404(d)(2)(i) provides:

In addition to the deductions provided for in clause (1), for any week with respect to which an individual is receiving a pension, including a governmental or other pension, retirement or retired pay, annuity *or any*

*other similar periodic payment, under a plan maintained or contributed to by a base period or chargeable employer,* the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension as determined under subclause (ii).

43 P.S. § 804(d)(2)(i) (emphasis added). York argues this section unambiguously provides that its payments under its salary-continuation plan be offset against unemployment benefits. York submits that the legislative intent was to prevent "double-dipping" and that, even though the statute does not specifically mention disability payments, this Court has recognized that a 1980 amendment was meant to make the clause at issue "all inclusive" of periodic payments. *Tenaglia v. Unemployment Compensation Board of Review,* 73 Pa.Commonwealth Ct. 453, 457–458, 458 A.2d 331, 333 (1983). York asserts that the failure to deduct the salary-continuation payments results in a contravention of the Law's objectives, especially here, where the total amount of York's continuation payments plus unemployment benefits is over one hundred dollars more per week than the amount Moubray would earn if he were still employed.

The Board first responds that the most relief York can obtain is a remand since section 404(d)(2)(i) was not addressed in the original determination granting benefits—which solely relied on the issue of availability for suitable work under Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1)—or by the referee or Board. *See Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981). We reject this argument as unfounded. The Board acknowledges that York raised the section 404 issue before the referee and before the Board. Moreover, the referee obviously addressed the issue in her decision when she discussed *Hock v. Unemployment Compensation Board of Review,* 50 Pa.Commonwealth Ct. 517, 518, 413 A.2d 444, 445 (1980), a case where we stated "the sole issue raised is whether the receipt of termination benefits disqualifies a claimant from receiving unemployment compensation benefits pursuant to sections 4(u) and 404 ...." Indeed, the Board itself did not limit its decision to a discussion of availability for suitable work, but also discussed why "[t]he salary continuation payments are not deductible." (Board's Decision, July 11, 1994, p. 2).

The Board next advances the substantive argument that section 404 is inapplicable because York did not show how its continuation plan, which is admittedly a short-term disability plan, is "similar" to a pension or retirement pay. Further, 34 Pa.Code § 65.102 (emphasis added) specifically provides:

*The deduction* shall apply only with regard to retirement pensions, annuities and disability retirement pensions. This *does not include* payments made under profit-sharing plans which are not designated as retirement pension payments and as payable for any specific period or periods of unemployment due to retirement, nor does it include social security disability pensions, workmen's compensation payments, *temporary disability payments administered by a union or an employer,* disability payments made under an employer's insurance plan or Veterans Administration disability compensation.

The Board states that regulations have the force and effect of law and an agency's interpretation of its own regulations may not be disturbed unless it is plainly erroneous or inconsistent. *Teledyne Columbia–Summerill Carnegie v. Unemployment Compensation Board of Review,* 160 Pa.Commonwealth Ct. 17, 634 A.2d 665 (1993). The Board also asserts that, despite amendments to section 404, there has been no change to 34 Pa.Code § 65.102 and there is no indication that section 404 has been expanded to include a salary continuation plan. Finally, the Board contends, relying on *Hock,* that dismissal wages, severance pay and other payments representing recognition of past service do not disqualify an employee from receiving unemployment benefits.

Although York makes a colorable statutory and equitable argument, a deduction or offset for payments under its short-term plan would be improper under the Law and associated regulations. We agree with the Board that York has not shown its plan to be a

"governmental or other pension, retirement or retired pay, annuity or any other *similar* periodic payment." *Tenaglia,* which interpreted section 404 before it underwent further amendment, is distinguishable because we stated there that, "[w]ith regard to the facts of the case now before us, it is clear that Claimant's pension is a governmental pension." *Tenaglia,* 73 Pa.Commonwealth Ct. at 458, 458 A.2d at 333. We also agree that, under the law restated in *Teledyne,* York's temporary disability plan is specifically excluded as a deduction by 34 Pa.Code § 65.102.

Accordingly, the Board's order sustaining the referee's decision is affirmed.

### ORDER

AND NOW, this 31st day of January, 1995, the order of the Unemployment Compensation Board of Review, No. B–327039, dated July 11, 1994, is hereby affirmed.